■ GUY LARSSON, Respondent, v HARILAL MITHALLAL, Defendant, and JEWISH MEMORIAL HOSPITAL, INC., Appellant.—In a medical malpractice action, defendant Jewish Memorial Hospital appeals from an order of the Supreme Court, Richmond County, dated February 26, 1979, which, upon the plaintiff's motion, inter alia, directed that it produce two named individuals for deposition. Order affirmed, with $50 costs and disbursements. The examination before trial shall proceed at the place designated in the order under review at a time to be fixed by plaintiff in a written notice of not less than 10 days, or at such other time and place as the parties may agree. In the instant malpractice action the plaintiff seeks damages for injuries stemming from an operation performed by defendant Dr. Mithallal at the defendant Jewish Memorial Hospital (Hospital). With respect to the Hospital, it is alleged, inter alia, that it was negligent in affording Dr. Mithallal staff privileges without inquiring into his background or credentials. Special Term, in the order appealed from, directed the Hospital to produce two named witnesses for deposition in connection with plaintiff's claim of negligence in the staff-selection process. We see no reason to disturb Special Term's order. We note, however, that section 6527 of the Education Law expressly precludes plaintiff from questioning the deponents with respect to the proceedings of the Hospital's credentials committee. That body, which apparently approved the appointment of Dr. Mithallal, performed a "medical review function" within the meaning of section 6527. Rabin, J. P., Cohalan, Margett and Gibbons, JJ., concur.