OPINION OF THE COURT
Gerard M. Weisberg, J.
The question presented is whether “mortality and committee reports” are privileged from disclosure under subdivision 3 of section 6527 of the Education Law.
This is a claim for wrongful death predicated upon medical malpractice in the performance of open heart surgery at Downstate Medical Center. The defendant has moved for a protective order, with respect to claimant’s notice for discovery and inspection which demands, inter alia, production of mortality and committee reports.* Subdivision 3 of section 6527 of the Education Law provides in substance that the proceedings of certain committees, in- *810 eluding those of hospitals, which perform a medical review function are not subject to disclosure under CPLR article 31, provided, however, that “[t]he prohibition relating to discovery of testimony shall not apply to statements made by any person in attendance at such a meeting who is a party to an action or proceeding the subject matter of which was reviewed at such meeting.” Based upon this proviso, claimant contends that, since the State of New York is a party to this action, any committee or medical review minutes or reports in which any of its agents, servants or employees participated with respect to the decedent are discoverable.
As Judge Hughes stated in Pindar v Parke Davis & Co. (71 Misc 2d 923, 924), section 6527 of the Education Law "was obviously intended to protect members of a medical committee engaged in reviewing the actions of a treating physician.” (See, also, Larsson v Mithallal, 72 AD2d 806.) The statute thus evidences legislative recognition that the goal of improving the quality of medical care is facilitated by the free flow of discussion at such medical review meetings, without fear of legal reprisal. The State, or for that matter, a hospital cannot make statements except by its duly authorized officers, agents or employees. The participation of such individuals at a meeting having a medical review function does not, however, waive the privilege as to the employer. To hold otherwise would render the protection afforded by the statute largely illusory. Indeed, such an interpretation would have a chilling effect on the free exchange of views and would tend to' defeat the statute’s salutary purpose. We construe the word “party” as used in subdivision 3 of section 6527 of the Education Law to denote natural persons only, and not to include an incorporeal entity such as the State of New York.
Accordingly, as to the medical review reports sought, the motion for a protective order is granted.

 CPLR 3102 (subd [f]) provides that disclosure against the State shall be by order of the court. Defendant having attacked the notice for discovery and inspection on the merits without raising this procedural issue, the objection is deemed waived.