OPINION OF THE COURT
Bentley Kassal, J.
issue
In a medical malpractice case, may the plaintiff obtain the report made by her treating physician to the review committee of a defendant hospital if the treating physician, a hospital employee, is not named as a party to the action or, stated differently, does the fact that a hospital is a named defendant mean that the reports of all of the hospital’s employees and/or agents made to the review committee are thereby discoverable?
DISCUSSION
Subdivision 3 of section 6527 of the Education Law prohibits disclosure under CPLR article 31 of the “proceedings [and] * * * records relating to performance of a medical review function” with the exception of “statements made by any person in attendance at such a meeting who is a party to an action * * * the subject matter of which was reviewed at such meeting.” (Emphasis added.)
*86 This statutory provision has been strictly construed in the few decisions that have interpreted it. The most persuasive authority relating to the instant issue is Lenard v New York Univ. Med. Center (Univ. Hosp.) (83 AD2d 860, 861). The plaintiff in Lenard sought (p 860), “discovery of the minutes and reports of review committee meetings, arguing [precisely as plaintiff does here] that because the members of these committees are the agents and employees of the defendant hospital, the exception to subdivision 3 of section 6527 of the Education Law applies. That exception permits the discovery of the statements of parties to an action who were in attendance at the review committee meetings.” In rejecting “this overly broad interpretation”, the Appellate Division held that (pp 860-861), “[b]y enacting section 6527 of the Education Law, the Legislature sought to provide a certain degree of confidentiality for medical review committee meetings. Although the statements of individual committee members would be discoverable when they are named as parties to the action, to expose the statements of all members to discovery whenever the hospital itself is named as a party would inhibit the free and open discussion at these meetings which the Legislature sought to encourage by enacting the statute.” (Emphasis added.)
Plaintiff argues that Lenard (supra) is distinguishable from this situation in that the disclosure sought by plaintiff is “limited to the report given by the treating physician.” Plaintiff also contends that in enacting subdivision 3 of section 6527 of the Education Law the Legislature was concerned about “the members of the medical review committee who were evaluating the performance of the treating physician” and did not “intend to protect the treating physician’s report [to this committee] from disclosure.”
Plaintiff’s attempt to distinguish Lenard (supra) is not convincing. Factually, that case is directly on point and is controlling. The avowed public policy/legislative intent of encouraging frank discussion at “medical review committee meetings” would be completely thwarted if a treating physician’s report to such a committee were discoverable simply because this nonparty physician was an employee and/or agent of a defendant hospital. Plaintiff’s contention *87 that ordering this report to be disclosed would not frustrate the legislative purpose underlying this statute appears to contravene the basic purpose of the statute. A treating physician’s report to the committee clearly is an integral part of the “medical review function” performed by these committees whose records related thereto are not to be disclosed, with the one exception noted. Adopting plaintiff’s reasoning would lead to the logical conclusion that all reports to a review committee by a defendant hospital’s nurses, orderlies, cleaning personnel, and so on, should also be discoverable.
The other decisions interpreting subdivision 3 of section 6527 of the Education Law also strictly construe this section. For example, it has been held that a hospital’s credentials committee performed a “medical review function”, so that a plaintiff was precluded from questioning nonparty deponents concerning the committee’s proceedings. (Larsson v Mithallal, 72 AD2d 806.)
With regard to the word “party” in subdivision 3 of section 6527 of the Education Law, it has been construed “to denote natural persons only” so as to exclude defendant hospitals. (Silva v State of New York, 109 Misc 2d 809, 810; emphasis added.) I agree with this interpretation. Lastly, in Pindar v Parke Davis & Co. (71 Misc 2d 923, 924) it was noted that “[t]he statute was obviously intended to protect members of a medical committee engaged in reviewing the actions of a treating physician.” Again, the treating physician’s statements to such a committee must be viewed as part and parcel of the review process undertaken by these medical committees at their meetings attended by the treating physician.
CONCLUSION
For the foregoing reasons, plaintiff’s motion is denied.