■ MARK G. KIEFER, Respondent, v JOHN T. MATHER MEMORIAL HOSPITAL, Appellant, et al., Defendant. — In a medical malpractice action, defendant John T. Mather Memorial Hospital appeals from an order of the Supreme Court, Suffolk County (Becker, J.), dated February 9, 1982, which denied its motion for a protective order vacating plaintiff's notice for discovery and inspection. Order reversed, with costs, motion granted and notice for discovery and inspection dated October 12, 1981 vacated. Plaintiff brought this action to recover damages for personal injuries suffered, *inter alia,* as a result of emergency room treatment of a laceration on his hand by servants of the appellant. Examination before trial of all parties was conducted in May, 1981, and of the nonparty treating physician, Dr. Lea Tala, in early October, 1981. Shortly thereafter, plaintiff served a notice for discovery and inspection of, *inter alia,* Dr. Tala's personnel file and information respecting the hospital's internal operations, such as its certificate of incorporation, by-laws, emergency room regulations and internal and outside evaluation reports. Plaintiff argued in support of his notice that Dr. Tala had testified at her examination that her expertise was in pediatrics prior to her appointment as an emergency room physician, and that, therefore, the requested information was relevant to his theory that the appellant hospital had misrepresented itself as properly staffed and that it had failed properly to supervise its staff. Special Term should have granted a protective order vacating the notice for such discovery and inspection. Plaintiff failed during the examinations before trial to ascertain the existence of, and to specifically identify, information directly pertinent to this theory among the numerous documents sought (see *Rios v Donovan,* 21 AD2d 409, 414). Furthermore, several of the items sought are privileged by subdivision 3 of section 6527 of the Education Law (see *Lenard v New York Univ. Med. Center* [*Univ. Hosp.*], 83 AD2d 860; *Larsson v Mithallal,* 72 AD2d 806). Under the circumstances, the entire notice must be vacated (cf. *Carroad v Regensberg,* 17 AD2d 734). O'Connor, J. P., Bracken, Niehoff and Boyers, JJ., concur.