OPINION OF THE COURT
John R. Tenney, J.
In this medical malpractice action, plaintiff seeks an order requiring defendant to produce certain pathological reports pursuant to CPLR 3111. and 3124. Defendant Harper examined tissue removed from plaintiff’s left breast and diagnosed intraductal carcinoma. Based on this diagnosis a modified radical mastectomy was thereafter performed.
Subsequently, the defendant hospital sought an evaluation of Dr. Harper’s work for the purpose of assisting the board of managers “in determining whether or not to continue their relationship with Dr. Harper and his pathology group”. Forty-three slides, including plaintiff’s, were sent to the Upstate Medical Center where they were reviewed by three physicians assigned by the chairman of *559 the pathology department. This subsequent review apparently revealed that the tissue was not malignant.
Defendants contend that the pathology reports are immune from discovery under subdivision 3 of section 6527 of the Education Law which states, in part, that: “Neither the proceedings nor the records relating to performance of a medical review function described herein shall be subject to disclosure under article thirty-one of the civil practice law and rules except as hereinafter provided or as provided by any other provision of law.”
The medical review functions described in the statute include review by: “(a) a committee established to administer a utilization review plan of a hospital * * * or (b) a committee having the responsibility of evaluation and improvement of the quality of care rendered in a hospital * * * or (c) any medical review committee or subcommittee thereof of a local, county or state medical * * * society, any such society itself, a professional standards review organization or an individual when such committee, subcommittee, society, organization or individual is performing any medical review function either described in clauses (a) and (b) of this subdivision” (Education Law, § 6527, subd 3).
Plaintiff contends that the statute is inapplicable to the facts of this case. She contends that the review could not have been designed for “evaluation and improvement” of the care given at defendant hospital since Dr. Harper testified at the examination before trial that he had not even known that the work of his pathology group had been reviewed at Upstate. She further argues that the reviewing physicians did not constitute a “committee” within the meaning of the Education Law which, she urges, contemplates a more formal body with formal and written responsibilities.
“By enacting section 6527 of the Education Law, the Legislature sought to provide a certain degree of confidentiality for medical review committee meetings.” (Lenard v New York Univ. Med. Center [Univ. Hosp.], 83 AD2d 860.) “The avowed public policy/legislative intent [is that] of encouraging frank discussion”. (Burnside v Foot Clinics of N. Y., 115 Misc 2d 85, 86.)
*560 In rejecting plaintiff’s contention that members of a review committee were agents or employees of the defendant hospital, the court said: “Although the statements of individual committee members would be discoverable when they are named as parties to the action, to expose the statements of all members to discovery whenever the hospital itself is named as a party would inhibit the free and open discussion at these meetings which the Legislature sought to encourage”. (Lenard v New York Univ. Med. Center [Univ. Hosp.], supra, pp 860-861.)
In Larsson v Mithallal (72 AD2d 806), it was held that a hospital credential’s committee, which was involved in the staff selection process, “performed a ‘medical review function’ within the meaning of section 6527”. The function performed by the physicians at Upstate Medical Center is similar. Here, actual clinical performance was evaluated rather than credentials and the ultimate purpose was to decide whether to retain services rather than engage them initially. Thus, the same immunity would apply. Harper’s lack of knowledge or the failure to establish a formal committee is of no significance. Although the word “committee” is not defined, the statute immunizes the reports and statements of any “committee, subcommittee, society, organization or individual [who] is performing any medical review function”. (Education Law, § 6527, subd 3, par [c].) Thus, a formal committee is not required.
Finally, an in camera examination of the reports by the court is unnecessary. Such an examination is only required when it is necessary to determine whether the reports contain nonimmune statements of named parties. (Carroll v St. Luke's Hosp. of Newburgh, 91 AD2d 674.) Since no such statements are alleged here, plaintiff’s motion should be denied in all respects.