■ FARMERS RELIANCE COMPANY OF NEW JERSEY, Respondent, v NATIONAL GENERAL INSURANCE COMPANY, Appellant, et al., Defendant.—In an action by an excess insurer to recover moneys paid on settlement of a personal injury action arising out of an automobile accident, defendant National General Insurance Co., the primary insurer, appeals from an order of the Supreme Court, Queens County (Goldstein, J.), dated October 4, 1984, which, *inter alia,* granted plaintiff's cross motion for leave to use the disclosure device of written interrogatories, and subsequently to take the depositions upon oral examination.

Order affirmed, with costs.

The claims set forth in the complaint do not fall within the ambit of the prohibition contained in CPLR 3130 (1) against a party seeking both interrogatories and to take depositions of other parties without leave of court. Thus, the order appealed from is unnecessary. It nevertheless may stand, since plaintiff has the right to both serve interrogatories on and take depositions from appellant. Lazer, J. P., Rubin, Kunzeman and Kooper, JJ., concur.

■ ELVIRA L. FAY et al., Appellants, v CHII CHUNG WANG et al., Respondents.—In an action to recover damages, *inter alia,* for personal injuries predicated upon medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Orange County (Isseks, J.), dated December 3, 1984, which granted defendants' motion to quash a notice for discovery.

Order affirmed, with costs to respondent St. Francis Hospital of Port Jervis.

Discovery of the material requested is prohibited under Education Law § 6527 *(see, Larsson v Mithallal,* 72 AD2d 806; *Kiefer v Mather Mem. Hosp.,* 93 AD2d 856). Lazer, J. P., Bracken, Niehoff and Kooper, JJ., concur.