OPINION OF THE COURT
Lawrence E. Kahn, J.
In this proceeding, St. Elizabeth’s Hospital has moved to quash a subpoena directing it to produce certain quality assurance records. The subpoena was issued by the Office of Professional Medical Conduct (OPMC). OPMC is an administrative agency created pursuant to Public Health Law §230 (10) (a), under the jurisdiction of the Commissioner of Health and is charged with investigating complaints of professional misconduct by physicians. The Legislature has provided it with the authority to issue subpoenas (Public Health Law § 230 [10] [k]). Public Health Law § 230 (10) (l) provides specific authorization to "examine and obtain records of patients”. The subpoena which is at issue in this proceeding seeks quality assurance records maintained by St. Elizabeth’s Hospital, pursuant to Public Health Law § 2805-j.
The subpoena at issue attempts to require St. Elizabeth’s Hospital to turn over all records, documents and correspondence relating to quality assurance review with respect to matters involving a certain physician. In this regard, it is not disputed that OPMC has the statutory duty and authority to pursue investigations of apparent professional misconduct. Therefore, the question is not what OPMC may do, but rather, how it may do it. Such an administrative agency is possessed of only those powers given to it by statute (see, Matter of Shankman v Axelrod, 73 NY2d 203). In the case at bar, the specific statutory grant of subpoena power is restricted to patient records.
In the mid-1980’s, after much debate and input from all facets of the health care industry, comprehensive legislation was enacted relating to medical malpractice (see, Connors & Bull, New York’s Controversial Medical Malpractice Bill, 58 NYSBJ 10 [No. 2, Feb. 1986]). Part of that legislation mandated that hospitals establish quality assurance committees. In addition, Education Law § 6527 has always protected the confidentiality of the work of such peer review and quality assurance committees from disclosure. The courts have recognized that the quality of medical care is enhanced "by the free flow of discussion at such medical review meetings” (Silva v *771 State of New York, 109 Misc 2d 809, 810). The medical malpractice reform package sought to strengthen the confidentiality mandates and did so by specific amendment to section 6527, and enactment of section 2805-m of the Public Health Law.
OPMC seeks to justify its subpoena upon the language of Public Health Law § 2805-m (1), which provides that the desired information "shall not be released except to the department”. (Emphasis added.) It asserts that it is an administrative agency within the Department, and as such, should have access to the records, with or without issuance of a subpoena. In essence, it asserts that it is entitled to the records, merely for the asking, and with or without any threshold showing of a reasonable basis or belief. This argument seems to be at odds with the expressed legislative intent to ensure that peer review functions be kept confidential. Indeed, adopting OPMC’s rationale would, in effect, make such peer review and quality assurance activities a subterfuge for investigations by OPMC and subject those functions to precisely the pressures from which the Legislature sought to immunize them.
While not directly on point, the recent case of Matter of Albany Med. Center Hosp. v Denis (161 AD2d 1030) is relevant for identifying the intent of the Legislature in providing for confidentiality pursuant to Education Law § 6527, even without the benefit of Public Health Law § 2805-m (which was not yet applicable). Therein, the court determined that "the confidentiality statute was drafted with the avowed public policy and legislative intent of encouraging frank and open discussion in evaluating personnel, treatment and procedures designed to improve health care and eliminate malpractice (see, Lilly v Turecki, 112 AD2d 788; Lenard v New York Univ. Med. Center, 83 AD2d 860).” In quashing a subpoena duces tecum, the court determined that the material "is not subject to release or disclosure no matter how strong the showing of need or relevancy” (supra, at 1031). The intent of the statute is clear. Thus, the language in the statute which prohibits release "except to the department” may not be interpreted in the exceedingly broadbased manner urged by OPMC. Rather, that language must be viewed as merely allowing limited access by the Department of Health to the extent necessary to verify that there has been compliance with the new statutes which mandate the establishment of peer review and quality assurance committees in all hospitals throughout the State.
OPMC has the statutory authority to subpoena records from *772 St. Elizabeth’s Hospital involving a specified patient or records compiled by the physician presently being scrutinized. However, the absolute confidentiality of the committee records should not be jeopardized or compromised in the absence of a clear legislative directive which unequivocally expresses such an intent.
The motion for an order pursuant to CPLR 2304, quashing a subpoena duces tecum heretofore issued to St. Elizabeth’s Hospital by the State Board for Professional Medical Conduct, shall be granted.