Harold J. Hughes, J.
This is a motion by plaintiff to compel disclosure by defendant Roy Gr. S. Dougall.
The complaint herein seeks to recover for the personal injury and pain and suffering sustained by Patricia J. Pindar, now deceased, and also for her wrongful death, allegedly caused by the negligence of defendant Dougall and the negligence and breach of warranty of defendant Parke Davis and Company.
Dr. Dougall was examined before trial on February 24, 1972 at which time he refused to answer certain questions about a presentation he had made to a combined meeting of the Schoharie County Medical Association and the staff of the Community Hospital at Cobleskill. Dr. Dougall also refused to supply plaintiff with a copy of his written report which was presented at that meeting on the ground that it was not subject to discovery by reason of sections 6513 and 6527 of the Education Law.
*924 Dr. Dougall objects to -a further examination before trial and further discovery on the ground that it would violate the statement of readiness rule, plaintiff having served a note of issue and a statement of readiness on June 20, 1972, prior to making this motion. The statement of readiness rule (22 NYCRB,"861.10) must be strictly enforced and, absent a showing of unusual and extraordinary circumstances, disclosure devices cannot be permitted to be utilized after such statement has been filed (Cassidy v. Kolonsky, 37 A D 2d 880). In this case, however, special circumstances have been shown warranting the exercise of the court’s discretion to permit a party to use disclosure devices after a statement of readiness has been filed (Wahrhaftig v. Space Design Group, 33 A D 2d 953; D’Angelo v. Goddard, 29 A D 2d 333). This being a cause of action for personal injury and wrongful death based on medical malpractice, the facts giving rise to the causes of action are particularly within the knowledge of the individual defendant (see Farrell v. Reed, 16 A D 2d 709). Further, no prejudice has been demonstrated by defendants, nor will the granting of the relief demanded result in any calendar delay, since the case will not be reached for trial at the present term and the next Trial Term will not commence until April, 1973.
Sections 6513 and 6527 of the Education Law, which protect proceedings and reports by certain medical utilization or evaluation committees from disclosure under CPLR article 31, do not prohibit discovery of the information sought herein. Subdivision 3 of section 6527 contains the following exception: “The prohibition relating to discovery of testimony shall not apply to the statements made by any person in attendance at such a meeting who is a party to an action or proceeding the subject matter of which was reviewed at such meeting.”
This exception is clearly applicable even though this action had not yet been commenced at the time Dr. Dougall made his presentation and report to the joint committee. The statute was obviously intended to protect members of a medical committee engaged in reviewing the actions of a treating physician.
Plaintiff’s motion is granted, with $10 costs, on condition that the further examination be scheduled within 30 days after receipt of this decision.