■ JAMES CARROLL, Individually and as Administrator of the Estate of DEBRA A. CARROLL, Deceased, and as Father and Natural Guardian of RICHARD P. CARROLL, an Infant, Appellant, v ST. LUKE'S HOSPITAL OF NEWBURGH et al., Respondents, et al., Defendants. — In an action upon the theories of negligence and medical malpractice to recover damages for wrongful death, etc., plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Isseks, J.), dated April 21, 1982, as denied his motion for an order directing defendant St. Luke's Hospital of Newburgh "to produce for discovery, inspection and copying a complete transcript of any Peer Committee Review proceedings which considered the care and treatment" given to the plaintiff's decedent, and granted the cross motion of the defendant hospital for a protective order vacating that portion of plaintiff's notice for discovery and inspection dated October 6, 1981, as sought discovery of such transcript. Order modified so as to provide that plaintiff's motion is granted to the extent that defendant St. Luke's Hospital of Newburgh is directed to produce before the Justice presiding at Special Term, Supreme Court, Orange County, the complete transcript of any peer committee review proceeding which was held to consider the care and treatment given the plaintiff's decedent, and/or the synopsis of the proceedings thereat, for *in camera* inspection by the court, and that the cross motion of the defendant hospital is denied with respect to any material in said transcript and/or synopsis which is not exempted from disclosure by subdivision 3 of section 6527 of the Education Law, namely, any statements contained therein made by individual party defendants regarding

the subject of this action, and is otherwise granted. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. The defendant hospital's time to produce said transcript and/or synopsis before Special Term is extended until 15 days after service upon it of a copy of the order to be made hereon, with notice of entry. Upon receipt of any transcript and/or synopsis, Special Term shall redact therefrom any material which is exempt from disclosure before making a copy thereof available to plaintiff for discovery and inspection. The transcript sought by plaintiff is specifically exempted from disclosure by subdivision 3 of section 6527 of the Education Law. However, any statements made at peer committee review proceedings by individual party defendants regarding the subject of this action are discoverable pursuant to the exception to that statutory provision (see *Larsson v Mithallal,* 72 AD2d 806; *Lenard v New York Univ. Med Center [Univ. Hosp.],* 83 AD2d 860). Thus, Special Term should, consistent with the terms of the statute, redact any transcript and/or synopsis of such proceedings as may exist in order to separate the discoverable from the nondiscoverable material contained therein. If both a transcript and synopsis of the proceedings are extant they shall both be provided to Special Term. Lazer, J. P., Weinstein, Bracken and Rubin, JJ., concur.