■ EDWARD DALY, Respondent, v MATTHEW GENOVESE, Appellant. — In a defamation action, defendant Matthew Genovese appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Ruskin, J.), dated January 11, 1983, as granted plaintiff's motion pursuant to CPLR 3124 directing a nonparty witness to answer certain questions propounded to him at a prior examination before trial. Leave to appeal is granted by Presiding Justice Mollen. Order reversed insofar as appealed from, with costs, and plaintiff's motion denied. No appeal as of right lies from an order directing a party to answer questions propounded at an examination before trial (see *Matter of Gambardella,* 81 AD2d 835; *Aronofsky v Marine Park Chiropractic Center,* 81 AD2d 570; *Rockwood Nat. Corp. v Peat, Marwick, Mitchell & Co.,* 59 AD2d 573). The same is true, a fortiori, when such an order is directed at a nonparty witness. However, under the circumstances of this case, leave to appeal is granted pursuant to CPLR 5701 (subd [c]) because of the novel question of statutory interpretation presented by this appeal. It is clear that statements made in the course of peer committee review proceedings by individual parties to a medical malpractice action, regarding the subject matter of that action, are discoverable when the subject matter of the action was reviewed at the meeting. (See Education Law, § 6527, subd 3; *Carroll v St. Luke's Hosp.,* 91 AD2d 674; *Lenard v New York Univ. Med. Center,* 83 AD2d 860; *Larsson v Mithallal,* 72 AD2d 806.) However, that exception to the statutory privilege does not apply in a defamation action, where the subject matter of the action is the allegedly slanderous statements made at the meeting, and not the alleged malpractice which was reviewed thereat. Accordingly, the allegedly slanderous statements made by defendant concerning plaintiff, in the course of a peer committee review proceeding, are exempted from discovery in this action pursuant to the privilege created by subdivision 3 of section 6527 of the Education Law. Therefore, Special Term erred in holding that they were discoverable and ordering the nonparty witness to answer questions regarding them. We note further that the allegation that the statements in question were made with malice, while relevant to a determination of whether they are privileged with respect to *liability,* is wholly irrelevant to the question of whether they are privileged from *discovery* under the terms of the statute (see Education Law, § 6527, subd 3). Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.