■ In the Matter of BROOME COUNTY MEDICAL SOCIETY, Appellant, v C. MAYNARD GUEST, as Executive Secretary of the State Board of Professional Medical Conduct of the State of New York, Respondent.—Order unanimously affirmed, without costs. Memorandum: As a result of complaints to petitioner, Broome County Medical Society, and respondent, C. Maynard Guest, as Executive Secretary of the State Board of Professional Medical Conduct, against a physician, both organizations undertook investigations. As part of the State Board's inquiry, a subpoena duces tecum pursuant to Public Health Law § 230 (10) (k) was served upon petitioner for the record of its proceedings. After unsuccessfully moving to quash the subpoena on the grounds that the record was privileged under Education Law § 6527 (3) and as a matter of public policy, petitioner appeals.

The Legislature, in enacting Education Law § 6527, intended to provide some confidentiality for medical review committee meetings *(Lenard v New York Univ. Med. Center,* 83 AD2d 860). Subdivision (3) explicitly provides: "Neither the proceedings nor the records relating to performance of a medical review function described herein shall be subject to disclosure under article thirty-one of the [CPLR] except as

hereinafter provided *or as provided by any other provision of law.* No person in attendance at a meeting when a medical review function described herein was performed shall be required to testify as to what transpired thereat. The prohibition relating to discovery of testimony shall not apply to the statements made by any person in attendance at such a meeting who is a party to an action or proceeding the subject matter of which was reviewed at such meeting" (emphasis added).

We find that Public Health Law § 230 (10) (k), authorizing respondent to issue subpoenas upon approval of a committee on professional conduct, is an express statutory exception to Education Law § 6527 (3). This power was given to respondent because its efforts were frustrated without it (Bill Jacket, L 1977, ch 773). The public policy of encouraging local peer review is not frustrated by permitting respondent to subpoena local records, because respondent is itself required to maintain confidentiality (Public Health Law § 230 [9]). (Appeal from order of Supreme Court, Onondaga County, Donovan, J.—quash subpoena duces tecum.) Present—Dillon, P. J., Doerr, Pine, Lawton and Schnepp, JJ.