■ DEBORAH CARROLL, Appellant, v LOUIS NUNEZ et al., Respondents.—Casey, J. Appeal from an order of the Supreme Court (Torraca, J.), entered March 5, 1987 in Ulster County, which, *inter alia,* partially granted a motion by defendant Vassar Brothers Hospital for a protective order and partially granted said defendant's motion to preclude.

In this medical malpractice case, plaintiff seeks damages for injuries allegedly sustained to her left foot as a result of

surgical procedures performed in June-July 1982 and in November 1983 by defendant Louis Nunez in defendant Vassar Brothers Hospital. The gist of the action against Nunez is that he performed the surgery negligently, was not properly qualified to perform it and violated the hospital's rules and regulations in performing the surgery. Plaintiff's action against the hospital is for negligence in permitting Nunez to perform surgery for which he was not qualified, in failing to properly supervise Nunez, in failing to comply with its own rules and regulations and in permitting Nunez to perform unnecessary surgery.

In response to the hospital's demand, plaintiff provided a bill of particulars and, in turn, requested direct discovery of certain items. The hospital moved for a protective order with respect to each of plaintiff's discovery demands and, by separate motion, sought to preclude plaintiff from offering proof in regard to such demands. Specifically, the hospital sought to preclude plaintiff from claiming in her bill of particulars that she "has a risk of amputation of her leg" and "may require someone to care for her". The hospital further sought a protective order in regard to plaintiff's request for, *inter alia,* (1) any statements that Nunez made to the hospital's peer committee, (2) Nunez's personnel folder, which was in the hospital's possession, (3) any prior complaints against Nunez, and (4) a copy of the hospital's rules and regulations. Supreme Court struck that portion of plaintiff's bill of particulars which stated that plaintiff had a risk of amputation of her left leg and that plaintiff would require someone to care for her in the future. Supreme Court further directed that the hospital need not produce (1) statements made by Nunez to a hospital peer review committee, (2) the personnel folder of Nunez, and (3) any prior complaints against Nunez. Supreme Court denied that part of the hospital's motion for a protective order with respect to production of the hospital's rules and regulations.*

In our view, plaintiff is entitled to any statement made by Nunez at the hospital's peer review committee proceedings regarding the subject matter of this action as an exception to the exemption provisions of Education Law § 6527 (3). If this discoverable material cannot be separated from undiscoverable material in the transcript or synopsis of such proceedings,

---

* The hospital in its brief to this court inaccurately states that Supreme Court deemed plaintiff's request for the hospital's rules and regulations to be moot. In fact, a reading of Supreme Court's order and underlying decision indicates that the hospital's request for a protective order regarding production of its rules and regulations was denied on the merits.

the transcript or synopsis should be provided to Supreme Court for appropriate redaction *(see, Carroll v St. Luke's Hosp.,* 91 AD2d 674, 675). In addition, Supreme Court was correct in holding that plaintiff was entitled to a copy of the hospital's rules and regulations which were in effect at the time of plaintiff's surgery and treatment *(see, Bowhall v Hanlon,* 99 AD2d 857).

As to that part of plaintiff's bill of particulars which alleges a risk of amputation of her leg and that she may require someone to take care of her, we believe that Supreme Court erred in granting the hospital's motion to strike this from plaintiff's bill of particulars. Such a factual allegation does not constitute proof. The admissibility of such evidence is for the trial court to determine at the time of trial upon a proper foundation *(see, Sentowski v Boulevard Hosp.,* 109 AD2d 878; *Morell v Saratoga Harness Racing,* 44 AD2d 884).

Finally, we agree with Supreme Court that plaintiff is not entitled to possession of Nunez's personnel folder or any other complaints that may have been made against him for performing unnecessary surgery or for performing surgery for which he was not qualified. No basis has been shown by plaintiff to permit discovery of such demands or to show that such demands are exemptions to the exemption provisions of Education Law § 6527 (3).

Order modified, on the law, without costs, by reversing so much thereof as granted defendant Vassar Brothers Hospital's motions (1) for a protective order as to statements defendant Louis Nunez made to a hospital peer review committee, and (2) to strike a portion of plaintiff's bill of particulars; deny those portions of said defendant's motions; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.