■ DEBRA PARKER, Appellant, v ST. CLARE'S HOSPITAL et al., Respondents.—Levine, J. Appeal from an order of the Supreme Court (Doran, J.), entered June 22, 1989 in Schenectady County, which granted defendants' motions for a protective order vacating plaintiff's notice to produce certain documents.

In this action plaintiff sues defendant Nicholas D. Procino (hereinafter Procino), a physician, and defendant Nicholas D.

Procino, P. C. for malpractice in performing an operation on her larynx at defendant St. Clare's Hospital (hereinafter the hospital) in June 1986. Plaintiff joined the hospital as a party defendant on the theory that it was negligent in granting Procino operating privileges despite knowledge of his incompetency. Plaintiff's attorneys served the hospital with a notice to produce copies of Procino's initial application for privileges and his applications for renewal of privileges for 1980 through 1987. Defendants moved for a protective order on the ground that discovery of the documents sought is barred by Education Law § 6527 (3). Plaintiff appeals from Supreme Court's granting of the protective order.

We affirm. Education Law § 6527 (3) provides that "[n]either the proceedings nor the records relating to performance of a medical or a quality assurance review function" are subject to discovery from a hospital under CPLR article 31. The purpose of this provision is to encourage peer review of physicians at medical review committee meetings by guaranteeing confidentiality to participants, in order to accomplish improvement in the quality of medical care (Lilly v Turecki, 112 AD2d 788). The hospital submitted in support of its motion the affidavit of its director of quality assurance. The uncontradicted averments of the affidavit state that a medical review procedure is conducted by the hospital regarding all of its attending physicians to determine what hospital privileges should be awarded them, that this procedure was in effect during the years 1980 through 1987, and that Procino's applications were engendered and used for such review proceedings. Thus, the documents sought fall directly under the statutory prohibition against such disclosure (see, Larsson v Mithallal, 72 AD2d 806).

Plaintiff attempts to avoid this result by contending that the documents are covered by the exception contained in Education Law § 6527 (3) providing that the prohibition against disclosure does "not apply to the statements made by any person in attendance at [a medical review] meeting who is a party to an action * * * the subject matter of which was reviewed at such meeting". Plaintiff argues that, since her suit against the hospital is based upon its wrongful granting of privileges to Procino, his applications for privileges were statements by a party to an action the subject matter of which was reviewed. We reject this overly broad interpretation of the statutory exception to nondisclosure. Under it, any action against a hospital for negligently permitting an incompetent physician to practice medicine in the hospital would give rise

to disclosure of any and all statements discussing his qualifications made during peer review and, thus, the exception would swallow up the general rule of prohibition against disclosure and thereby defeat the purposes of Education Law § 6527 (3). After reviewing the documents sought in camera, Supreme Court found in substance that Procino's applications for hospital privileges for 1980 through 1987 did not pertain to the surgery he performed on plaintiff in 1986, the subject matter of plaintiff's action. And this, if for no other reason, would put the documents outside the statutory exception to nondisclosure.

Order affirmed, with one bill of costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.