■ JACK M. SHAPIRO, Appellant-Respondent, v CENTRAL GENERAL HOSPITAL, INC., Respondent-Appellant.—In an action, inter alia, to recover damages for libel, slander, and interference with business relations, (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Roberto, J.), dated September 8, 1989, as denied those branches of his motion which were to compel disclosure with regard to items numbered 2, 3, 8, 9, 14, 15, 17, 18, 19, 20, 21, 22, 23 and 24 of his notice for discovery and inspection, and granted those branches of the cross motion of the defendant Central General Hospital, Inc., which were for a

protective order with respect to those items, and (2) the defendant Central General Hospital, Inc., cross-appeals from the order.

Ordered that the cross appeal is dismissed, as abandoned; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded costs.

The Supreme Court properly denied the plaintiff's motion to compel disclosure with regard to items numbered 2, 3, 14, 15, 17, 18, 19 and 24 set forth in his notice of discovery and inspection on the ground that they request material which is protected from disclosure by statute *(see,* Education Law § 6527 [3]; Public Health Law § 2805-j [1] [f]; § 2805-m [1]). Education Law § 6527 (3) provides in relevant part that "[n]either the proceedings nor the records relating to performance of a medical * * * review function * * * shall be subject to disclosure under article thirty-one of the civil practice law and rules except * * * as provided by any other provision of law". The policy underlying this provision is to encourage hospitals to review the performance of physicians by providing a degree of confidentiality for medical review proceedings *(see, Parker v St. Clare's Hosp.,* 159 AD2d 919; *Bush v Dolan,* 149 AD2d 799; *Matter of Broome County Med. Socy. v Guest,* 122 AD2d 527; *Daly v Genovese,* 96 AD2d 1027). The foregoing discovery requests, most of which are also generalized and overbroad, clearly seek disclosure of material and documents which are entitled to statutory protection. While the plaintiff correctly notes that he has the right, pursuant to the by-laws of the defendant Central General Hospital, Inc. (hereinafter the hospital), to disclosure of all material considered in the making of the adverse recommendation against him *(see generally, Giannelli v St. Vincent's Hosp. & Med. Center,* 160 AD2d 227; *Matter of Murphy v St. Agnes Hosp.,* 107 AD2d 685), he has failed to controvert the hospital's claim that it has provided him with all of the disclosure to which he is entitled under the by-laws. However, as the Supreme Court noted, if during further discovery procedures the plaintiff identifies specific items to which he is entitled under the by-laws, he may obtain disclosure of such material.

The remaining discovery requests under review are so overbroad and irrelevant to the action as to be palpably improper *(see, Fallon v CBS Inc.,* 124 AD2d 697; *Haroian v Nusbaum,* 84 AD2d 532); hence, the plaintiff may not compel disclosure with

respect to them. Mangano, P. J., Brown, Sullivan and Eiber, JJ., concur.