■ EPHRIAM ROTH, Appellant, v BETH ISRAEL MEDICAL CENTER et al., Respondents.—Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered October 1, 1990, which granted defendants' motion for summary judgment, unanimously affirmed, without costs.

Plaintiff was suspended as a resident in defendant Beth

Israel Medical Center's anesthesiology department following a meeting of the Department's Resident Evaluation Committee at which his performance was found to be unsatisfactory and potentially dangerous to patients. Notice of this suspension was given to the Office of Professional Medical Conduct, which also received a copy of the minutes of the committee meeting regarding plaintiff's conduct. The American Board of Anesthesiology was also notified of plaintiff's suspension, but was not given the committee minutes. After a hospital hearing, plaintiff's suspension was confirmed. He brought this action for breach of contract and defamation, alleging that certain statements made about him were false and disseminated with knowledge that they were false or with reckless disregard for their truth.

Summary judgment dismissing the breach of contract cause of action was properly granted on the ground that the Hospital's termination of plaintiff's employment was made in good faith, based on reasonable grounds for concern regarding plaintiff's performance *(Fried v Straussman,* 41 NY2d 376). Concerning the cause of action for defamation, defendants were protected by a qualified privilege in communicating specific allegations regarding plaintiff's professional conduct to the Office of Professional Medical Conduct, which had a corresponding interest in the performance of the Hospital's residents (Education Law § 6527 [5]; Public Health Law §§ 2803-e, 2805-m; *Murphy v Herfort,* 140 AD2d 415, 416, *lv denied* 73 NY2d 701, *rearg denied* 73 NY2d 872). Therefore, no action for defamation can lie against defendants absent proof of actual malice on their part *(Buckley v Litman,* 57 NY2d 516). Plaintiff's mere conclusory allegations that defendants acted with actual malice are insufficient to raise a question of fact, and summary judgment on the cause of action for defamation was therefore properly granted as well *(Friedman v Ergin,* 110 AD2d 620, *affd* 66 NY2d 645). Concur—Murphy, P. J., Sullivan, Ellerin, Kupferman and Kassal, JJ.