Linda J. Swartzenberg, Individually and as Executrix of Brian F. Swartzenberg, Deceased, Appellant, v Jagdish M. Trivedi, Respondent.

Fourth Department, March 12, 1993

APPEARANCES OF COUNSEL

*Dempsey & Dempsey,* Buffalo *(Helen K. Dempsey* of counsel), for appellant.

*Maloney, Gallup, Roach, Brown & McCarthy,* Buffalo *(J. Mark Gruber* of counsel), for respondent.

## OPINION OF THE COURT

BOEHM, J.

The question in this case is whether a letter written by a physician to a medical quality assurance review committee is immune from disclosure pursuant to Education Law § 6527 (3).

## I

On April 23, 1989, plaintiff's decedent, Brian F. Swartzenberg, was involved in an automobile accident. He was taken to the emergency room at Mount St. Mary's Hospital (Hospital), where defendant Jagdish Trivedi was the on-call trauma surgeon. It is alleged that Trivedi failed to respond to requests from Hospital employees that he report to the emergency room to treat Swartzenberg and that Swartzenberg died as a result. On June 6, 1989, Dr. Lester Schiff, the Hospital's chief of staff, asked Trivedi, in a confidential memorandum, for an explanation of his conduct. That inquiry was made after a meeting on May 19, 1989 of the ad hoc quality assurance committee of the Hospital's Medical Staff Executive Committee, which Trivedi did not attend. The committee reviewed, discussed and made a preliminary determination regarding Trivedi's conduct in the Swartzenberg case. The meeting of the ad hoc committee, therefore, involved a "medical or a quality assurance review" (Education Law § 6527 [3]). Trivedi responded to Schiff's inquiry with a letter on June 9, 1989.

On November 7, 1989, plaintiff demanded that the Hospital disclose various documents, including any memoranda or correspondence received by Hospital employees concerning the care and treatment of Swartzenberg and written transcripts of statements made by any defendant at any medical committee review meeting regarding the care and treatment of Swartzenberg. Thereafter, Trivedi moved for a protective order against disclosure of his June 9, 1989 letter on the ground that it was immune from disclosure under Education Law § 6527 (3). After an in camera review of the document, Supreme Court concluded that the letter was immune from disclosure and granted the protective order. Plaintiff appeals.

II

"The purpose of disclosure procedures is to advance the function of a trial to ascertain truth and to accelerate the disposition of suits" *(Rios v Donovan,* 21 AD2d 409, 411; see also, *Byork v Carmer,* 109 AD2d 1087, 1088; see generally, CPLR 3101 [a]). In light of that purpose, it has long been the policy of this State to permit liberal disclosure of relevant evidence *(see, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403). Thus, absent a statute to the contrary, Trivedi's June 9, 1989 letter would be subject to disclosure.

Trivedi contends, and Supreme Court agreed, that Education Law § 6527 (3) immunizes his letter from disclosure. We disagree. In pertinent part, that statute provides: "Neither the proceedings nor the records relating to performance of a medical or a quality assurance review function * * * shall be subject to disclosure under article thirty-one of the civil practice law and rules except as hereafter provided or as provided by any other provision of law. No person in attendance at a meeting when a medical or a quality assurance review * * * function * * * was performed * * * shall be required to testify as to what transpired thereat. The prohibition relating to discovery of testimony shall not apply to the statements made by any person in attendance at such a meeting who is a party to an action or proceeding the subject matter of which was reviewed at such meeting." A hypertechnical reading of the statute might suggest that Trivedi's letter is immune from disclosure, but such an interpretation would not serve any statutory purpose. Disclosure of the letter would in no way violate the statutory prohibition against disclosing the proceedings and records of a medical or quality assurance review committee.

The purpose of Education Law § 6527 (3) is to encourage peer review of physicians by guaranteeing confidentiality to those persons performing the review function *(see, Parker v St. Clare's Hosp.,* 159 AD2d 919, 920; *Bush v Dolan,* 149 AD2d 799, 800; *Lilly v Turecki,* 112 AD2d 788; *Byork v Carmer, supra,* at 1088). The statute, however, was not intended to extend protection to persons, like Trivedi, whose conduct is the subject of review *(see, Pindar v Parke Davis & Co.,* 71 Misc 2d 923, 924).

Moreover, granting immunity from disclosure to a letter from a physician under review would subvert the exception to the immunity provided by Education Law § 6527 (3). If Trivedi

had appeared at a medical or quality assurance review meeting and made the statement embodied in his letter, that statement would be subject to disclosure *(see, Carroll v Nunez,* 137 AD2d 911, 912-913; *Daly v Genovese,* 96 AD2d 1027, *lv dismissed* 61 NY2d 604; *De Paolo v Wisoff,* 94 AD2d 694, 694-695; *Carroll v St. Luke's Hosp.,* 91 AD2d 674, 675). Indeed, as Supreme Court noted in its memorandum decision, Trivedi's letter directly responded "in a narrative manner relating to the care in question and specifically addresses the members of the ad hoc quality assurance committee". The statutory exception to immunity from disclosure would be rendered meaningless if it could be avoided merely by submitting a written statement instead of appearing personally and making the same statement before a review committee.

Trivedi is a party to this action, and his letter, the functional equivalent of a statement, is not immune from disclosure under Education Law § 6527 (3).

### III

Accordingly, the order of Supreme Court should be reversed, and Trivedi's motion for a protective order denied.

DENMAN, P. J., GREEN, BALIO and FALLON, JJ., concur.

Order unanimously reversed, on the law, with costs, and motion denied.