■ Patricia Koithan et al., Respondents, v Nicholas F. Zornek et al., Defendants, and John D. Greene et al., Appellants. [642 NYS2d 115] —Order unanimously affirmed with costs. Memorandum: In this medical malpractice action arising out of the labor of plaintiff mother and the emergency delivery of her son, plaintiffs seek to discover two pages of notes made by defendant Nicholas F. Zornek, M.D., during a hospital "peer review" meeting. The notes apparently set forth Dr. Zornek's impressions of the fetal monitor's indications at various times during labor. Dr. Zornek, plaintiff mother's obstetrician, rendered follow-up care to plaintiff mother and her baby but was not present at the delivery. Plaintiffs' motion to compel production of the notes was opposed by defendant hospital and by the other defendant physicians, but not by Dr. Zornek himself. Those defendants appeal from an order of Supreme Court requiring the hospital to disclose the notes.

Education Law § 6527 (3) generally immunizes from CPLR article 31 disclosure all proceedings and records "relating to performance of a medical or a quality assurance review function" but creates an exception for "statements made by any person in attendance at such a [medical or quality assurance review] meeting who is a party to an action or proceeding the subject matter of which was reviewed at such meeting." Under the statute, disclosure may be obtained where the statements were made during a peer review meeting, the peer review meeting concerned the same subject matter as the action, and the statements were made by a defendant in the action (*see generally, Stickevers v St. Francis Hosp.,* 213 AD2d 395; *Lakshmanan*

*v North Shore Univ. Hosp.*, 202 AD2d 398, 399; *Swartzenberg v Trivedi*, 189 AD2d 151, 153-154, *lv dismissed* 82 NY2d 749; *Bush v Dolan*, 149 AD2d 799). Those tests are met here. Defendants argue that the notes are not "statements" of Dr. Zornek because they do not relate to Dr. Zornek's own conduct. There is no such requirement in the statute. Moreover, it would distort the unambiguous term "statement" to hold that notes are not "statements" of the note taker. Under the terms of Education Law § 6527 (3) and CPLR article 31, plaintiffs are entitled to Dr. Zornek's statements concerning the case (*see, Lenard v New York Univ. Med. Ctr.*, 83 AD2d 860, 861). (Appeals from Order of Supreme Court, Erie County, Gossel, J.—Discovery.) Present—Denman, P. J., Green, Fallon, Callahan and Doerr, JJ.