■ BARBARA LOGUE et al., Respondents, v AUGUSTINE VELEZ et al., Defendants, and LAKE SHORE HOSPITAL, Appellant. (Appeal No. 1.) [662 NYS2d 281] —Appeal unanimously dismissed without costs (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Discovery.) Present—Pine, J. P., Lawton, Callahan, Doerr and Balio, JJ.

■ BARBARA LOGUE et al., Respondents, v AUGUSTINE VELEZ et al., Defendants, and ROBERT F. BARNES et al., Appellants. (Appeal No. 2.) [661 NYS2d 349] —Order affirmed with costs. Memorandum: Supreme Court properly granted plaintiffs' motion to compel defendant Lake Shore Hospital (Hospital) to produce a copy of the application and renewal application for cholecystectomy laparoscopic privileges together with all supporting documentation submitted by defendant Dr. Robert F. Barnes (Dr. Barnes).

Contrary to the Hospital's contention, the exceptions for statements in Education Law § 6527 (3) and Public Health Law § 2805-m render the applications and their supporting documentation discoverable. The applications and supporting documentation submitted by Dr. Barnes, a party to the medical malpractice action, are the "functional equivalent of a statement" (*Swartzenberg v Trivedi,* 189 AD2d 151, 154, *lv dismissed* 82 NY2d 749), and disclosure of those documents will not violate any statutory prohibition against disclosing the proceedings and records of a medical peer review committee (*see, Koithan v Zornek,* 226 AD2d 1080; *Swartzenberg v Trivedi, supra,* at 153-154). To the extent that *Parker v St. Clare's Hosp.* (159 AD2d 919) holds otherwise, we decline to follow it. All concur except Lawton and Doerr, JJ., who dissent and vote to reverse in the following Memorandum.

Lawton and Doerr, JJ. (dissenting). We respectfully dissent. In our view, the application and renewal application of defendant Dr. Robert F. Barnes (Dr. Barnes) for cholecystectomy laparoscopic privileges at defendant Lake Shore Hospital (Hospital) are protected from disclosure to plaintiffs in this medical malpractice action by Education Law § 6527 (3). The purpose of that provision "is to encourage peer review of physicians at medical review committee meetings by guaranteeing confidentiality to participants, in order to accomplish improvement in the quality of medical care" (*Parker v St. Clare's Hosp.,*

159 AD2d 919, 920; *see also, Swartzenberg v Trivedi,* 189 AD2d 151, 153, *lv dismissed* 82 NY2d 749). The uncontradicted averments contained in the affidavits of the Hospital's medical director establish that the application and renewal application of Dr. Barnes were submitted as part of a biannual medical review procedure conducted by the Hospital to determine what hospital privileges should be awarded or renewed with regard to each physician. Thus, the documents "fall directly under the statutory prohibition" (*Parker v St. Clare's Hosp., supra,* at 920).

We reject the further conclusion of the majority that the application and renewal application are covered by the exception contained in Education Law § 6527 (3), which provides that the prohibition against disclosure does not apply "to the statements made by any person in attendance at such a meeting who is a party to an action or proceeding the subject matter of which was reviewed at such meeting." That exception applies to testimony given or statements made during a medical review proceeding by a person who is a party to an action, the subject matter of which action was reviewed at the meeting (*see, Koithan v Zornek,* 226 AD2d 1080 [notes of defendant doctor made during peer review meeting concerning plaintiff mother's labor and delivery discoverable in plaintiffs' medical malpractice action arising out of that labor and delivery]; *Swartzenberg v Trivedi, supra* [letter of explanation of physician to peer review committee concerning his treatment of plaintiff's decedent discoverable in plaintiff's medical malpractice action arising out of that treatment]). Here, however, the medical review proceedings conducted to review Dr. Barnes' application and renewal application for privileges bear no relationship to the procedure that Dr. Barnes performed upon plaintiff Barbara Logue that forms the basis of this action.

Plaintiffs argue that the exception applies because the basis of the action is the Hospital's wrongful granting and renewing of the privileges of Dr. Barnes. To accept that interpretation, as the Third Department correctly notes, would require disclosure of any and all statements discussing a physician's qualifications made during peer review in any action against a hospital alleging wrongful hiring or retention of that physician. That interpretation would "defeat the purposes of Education Law § 6527 (3)" by allowing the exception to "swallow up the general rule of prohibition against disclosure" (*Parker v St. Clare's Hosp., supra,* at 921). We would reverse and deny plaintiffs' motion to compel disclosure. (Appeals from Order of Supreme Court, Erie County, Mintz, J.—Renewal.) Present— Pine, J. P., Lawton, Callahan, Doerr and Balio, JJ.