■ BRENDA PETERSON, Respondent, v WILLIAM STRATFORD, Appellant, et al., Defendants. [677 NYS2d 492] —In a medical

malpractice action to recover damages for personal injuries, the defendant William Stratford appeals, by permission, from (1) an order of the Supreme Court, Kings County (Spodek, J.), dated July 2, 1997, which, upon the plaintiff's motion to compel the further examination before trial of the appellant and the appellant's cross motion for a protective order, directed the plaintiff to propound certain written interrogatories for the court's in camera review, to be answered thereafter by the appellant, and (2) an order of the same court, dated November 26, 1997, which, following the court's in camera review, directed the appellant to answer 17 specific interrogatories.

Ordered that the order dated July 2, 1997, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated November 26, 1997, is modified, on the law, by deleting the provisions thereof directing the appellant to answer interrogatories numbered 3, 9, 10, 11, 14, 21, 24, 25, 26, 27, and 29, and substituting therefor a provision granting that branch of the appellant's cross motion which was for a protective order as to these interrogatories; as so modified, the order is affirmed, without costs or disbursements.

During the examination before trial of the appellant, the plaintiff sought to inquire into certain matters to which the appellant objected, *inter alia,* on grounds of privilege. To resolve the plaintiff's subsequent motion for a further examination before trial of the appellant and the appellant's cross motion for a protective order, the court directed the plaintiff to phrase the pertinent questions in the form of written interrogatories. After the interrogatories were reviewed by the court in camera, the appellant would be required to provide answers to those interrogatories deemed not objectionable by the court. Contrary to the appellant's contentions, the court providently exercised its discretion in so doing, as in camera review is an appropriate means for the court to determine whether the contested questions were intended to elicit privileged or discoverable information (*see, Little v Hicks,* 236 AD2d 794; *Feness v St. Joseph Intercommunity Hosp.,* 152 AD2d 965; *Carroll v Nunez,* 137 AD2d 911; *De Paolo v Wisoff,* 94 AD2d 694; *Carroll v St. Luke's Hosp.,* 91 AD2d 674). Accordingly, we affirm the order dated July 2, 1997.

However, the appellant is entitled to a protective order precluding disclosure of the information sought by interrogatories numbered 3, 9, 10, 11, 14, 21, 24, 25, 26, 27, and 29, as such information falls within the privileges conferred by, *inter alia,* Public Health Law § 2805-m, Education Law § 6527, and Mental Hygiene Law § 23.05 (c) (*see, Little v Hicks, supra; Mc-*

*Glynn v Grinberg,* 172 AD2d 960). The appellant need only respond to interrogatories numbered 31 through 35, to which he withdrew his objections, and interrogatory number 30, which is not intended to elicit privileged information. Miller, J. P., Altman, McGinity and Luciano, JJ., concur.