OPINION OF THE COURT
Howard Berler, J.
This motion for an order striking answer is granted to the *293 extent that defendant, Katherine Matthews, M.D., is directed to exchange the two-page written statement she authorized pertaining to the treatment and care of the infant child and submit to a further deposition with respect to the item contained therein. Said written statement shall be produced no later than 7 days after service of a copy of this order and the deposition shall occur no later than 20 days thereafter.
This is a wrongful death action which arises out of the treatment and care received by the infant plaintiff during his stay at defendant, Southside Hospital, from January 22, 1995 up to his death on January 23, 1995. Said infant was admitted to defendant hospital under the service of defendant Katherine Matthews, M.D., who first saw him during rounds on Monday morning, January 23, 1995. The patient was admitted to surgery to rule out appendicitis. Dr. Matthews also testified at her deposition that she saw the patient on the morning of January 23, 1995, as a consultant with respect to said infant’s obesity.
During Dr. Matthews’ deposition, plaintiffs attorney sought to ascertain whether or not defendant Matthews had furnished a statement pertaining to the treatment and care of the deceased infant in addition to calling for copies of any such statements if written and supplied. Defendant’s counsel would not permit Dr. Matthews to answer such questions nor would she exchange said statements on the ground that same were privileged pursuant to Education Law § 6527. Plaintiff contends that the subject statement is subject to disclosure. Dr. Matthews contends that the statement herein is not subject to disclosure.
Dr. Matthews contends that Education Law § 6527 (3) does not mandate disclosure of any written statements solely made a part of a medical or quality assurance review which do not also stem from attendance at a medical or quality assurance review meeting. Education Law § 6527 (3), in pertinent part, provides as follows: “Neither the proceedings nor the records relating to performance of a medical or a quality assurance review function or participation in a medical and dental malpractice prevention program nor any report required by the department of health pursuant to section twenty-eight hundred five-1 of the public health law described herein, including the investigation of an incident reported pursuant to section 29.29 of the mental hygiene law, shall be subject to disclosure under article thirty-one of the civil practice law and rules except as hereinafter provided or as provided by any other provision of *294 law. No person in attendance at a meeting when a medical or a quality assurance review or a medical and dental malpractice prevention program or an incident reporting function described herein was performed, including the investigation of an incident reported pursuant to section 29.29 of the mental hygiene law, shall be required to testify as to what transpired thereat. The prohibition relating to discovery of testimony shall not apply to the statements made by any person in attendance at such a meeting who is a party to an action or proceeding the subject matter of which was reviewed at such meeting” (emphasis added).
Dr. Matthews seeks to avoid the exception set forth in Education Law § 6527 (3) on the basis that Dr. Matthews did not attend the meeting in question, but, rather, submitted a written statement. Additionally, it is claimed, the shielding of any written statement made as a part of a medical or quality assurance review is further mandated by Education Law § 6527 (3) since defendant Dr. Matthews was not a defendant at the time it was made.
Education Law § 6527 (3) generally immunizes from CPLR article 31 disclosure all proceedings and records “relating to performance of a medical or a quality assurance review function” but creates an exception for “statements made by any person in attendance at such a [medical or quality assurance review] meeting who is a party to an action or proceeding the subject matter of which was reviewed at such meeting” (see also, Koithan v Zornek, 226 AD2d 1080 [4th Dept 1996]). Under the statute, disclosure may be obtained where the statements were made during a peer review meeting, the peer review meeting concerned the same subject matter as the action, and the statements were made by a defendant in the action (see generally, Stickevers v St. Francis Hosp., 213 AD2d 395 [2d Dept 1995]; Swartzenberg v Trivedi, 189 AD2d 151, 153-154 [4th Dept 1993], lv dismissed 82 NY2d 749 [1993]; Bush v Dolan, 149 AD2d 799 [3d Dept 1989]).
“The purpose of disclosure procedures is to advance the function of a trial to ascertain truth and to accelerate the disposition of suits” (Rios v Donovan, 21 AD2d 409, 411 [1st Dept 1964]; see also, Byork v Carmer, 109 AD2d 1087, 1088 [4th Dept 1985]; see generally, CPLR 3101 [a]). In light of that purpose, it has long been the policy of this State to permit liberal disclosure of relevant evidence (see, Allen v Crowell-Collier Publ. Co., 21 NY2d 403 [1968]).
The purpose of Education Law § 6527 (3) is to encourage peer review of physicians by guaranteeing confidentiality to *295 those persons performing the review function, in order to accomplish improvement in the quality of medical care (Lilly v Turecki, 112 AD2d 788 [4th Dept 1985]).
In New York, there appears to be a split in authority concerning discovery of peer review records (Swartzenberg v Trivedi, supra [discovery permitted]; Parker v St. Clare’s Hosp., 159 AD2d 919 [3d Dept 1990] [discovery disallowed]). Authority throughout the Nation in States having similar statutes is, likewise, split (Tartaglia v Paul Revere Life Ins. Co., 948 F Supp 325 [SD NY 1996] [interests of justice significantly outweighed need for confidentiality of hospital patient records]; Ekstrom v Temple, 197 Ill App 3d 120, 553 NE2d 424 [Ill App Ct, 2d Dist 1990]; Menoski v Shih, 242 Ill App 3d 117, 612 NE2d 834 [Ill App Ct, 2d Dist 1993]; Anderson v Breda, 103 Wash 2d 901, 700 P2d 737, 741 [1985]; Moretti v Lowe, 592 A2d 855 [RI 1991]; Columbia/HCA Healthcare Corp. v Eighth Judicial Dist. Ct., 113 Nev 521, 936 P2d 844 [1997]; Goodwich v Nolan, 343 Md 130, 680 A2d 1040 [1996]). Other jurisdictions, however, preclude or limit discovery of peer review records (Alexander v Superior Ct., 5 Cal 4th 1218, 23 Cal Rptr 2d 397, 859 P2d 96 [1993]; Yuma Regional Med. Ctr. v Superior Ct., 175 Ariz 72, 852 P2d 1256 [1993]; Humana Hosp. Desert Val. v Superior Ct., 154 Ariz 396, 742 P2d 1382 [1987]; Memorial Hosp.-The Woodlands v McCown, 927 SW2d 1 [Tex 1996]; Doe v UNUM Life Ins. Co., 891 F Supp 607 [ND Ga 1995]; Trinity Med. Ctr. v Holum, 544 NW2d 148 [ND 1996]; Beth Israel Hosp. v District Ct., 683 P2d 343 [Colo 1984]; Segal v Roberts, 380 So 2d 1049, 1052 [Fla Dist Ct App 1979]; Cruger v Love, 599 So 2d 111, 114 [Fla 1992]; State of Wisconsin ex rel. Good Samaritan Med. Ctr. — Deaconess Hosp. Campus v Maroney, 123 Wis 2d 89, 365 NW2d 887 [1985]; Shelton v Morehead Mem. Hosp., 318 NC 76, 347 SE2d 824 [1986]).
Again, as noted in Swartzenberg v Trivedi (supra), the purpose of Education Law § 6527 (3) is to encourage peer review of physicians by guaranteeing confidentiality to those persons performing the review function. This statute, however, was not intended to provide protection to persons, like Dr. Matthews, as the subject of review (see also, Pindar v Parke Davis & Co., 71 Misc 2d 923 [Sup Ct, Schoharie County 1972]). Moreover, granting immunity from disclosure to any written statements from a physician under review would subvert the exception to immunity provided by Education Law § 6527 (3). If Dr. Matthews had appeared at a medical or quality assurance review meeting and made statements embodied in writ *296 ten communications, that statement would be subject to disclosure (see, Swartzenberg v Trivedi, 189 AD2d 151, supra, and cases cited therein). Thus, the statutory exception to immunity from disclosure would be rendered meaningless if it could be avoided merely by submitting a written statement instead of appearing personally and making the same statement before a review committee. Therefore, the court holds that, as Dr. Matthews is a party to this action, any written communications she may have made to any medical, peer review or quality assurance group are the functional equivalent of a statement and are not immune from disclosure under Education Law § 6527 (3). Such holding is in keeping with New York’s liberal approach to discovery (see, Allen v CrowellCollier Publ. Co., 21 NY2d 403, supra; Logue v Velez, 241 AD2d 960 [4th Dept 1997]).