■ AMY D'ANGELIS et al., Individually and as Parents and Natural Guardians of DAVID D'ANGELIS, Respondents, v BUFFALO GENERAL HOSPITAL et al., Appellants. (Appeal No. 1.) [769 NYS2d 440]—Appeals from an order of Supreme Court, Erie County (Howe, J.), entered January 9, 2003, which directed defendant Buffalo General Hospital to disclose certain material to plaintiffs.

Appeals from an order of Supreme Court, Erie County (Howe, J.), entered July 10, 2003, which, inter alia, denied defendants' motion and cross motion for a protective order and directed de-

fendant Buffalo General Hospital to provide plaintiffs with a written evaluation of a nonparty physician submitted to its quality assurance committee.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting those parts of the motion and cross motion for a protective order with respect to the written evaluation of Scott Zuccala, M.D. submitted to the quality assurance committee of defendant Buffalo General Hospital and vacating the second ordering paragraph and as modified the order is affirmed without costs.

Memorandum: Defendants appeal from an order that, inter alia, denied those parts of their respective motion and cross motion for a protective order in this medical malpractice action and directed that defendant Buffalo General Hospital (Hospital) provide plaintiffs with certain written material. The proceedings and records of a medical review committee are not subject to discovery when such committee is performing "any medical or quality assurance review function" (Education Law § 6527 [3]; *see* Public Health Law § 2805-m; *Logue v Velez*, 92 NY2d 13, 16-17 [1998]; *Bryant v Bui*, 265 AD2d 848, 849 [1999]). However, statements of a defendant doctor made before a peer review board or for quality assurance evaluation are not privileged when they relate to the subject matter of the litigation (*see Bryant*, 265 AD2d at 849). Thus, we conclude that Supreme Court erred in ordering the disclosure of the written evaluation of Scott Zuccala, M.D., a nonparty physician, submitted to the Hospital's quality assurance committee (*see Di Chiara v Kaleida Health*, 306 AD2d 901, 902 [2003]), and we modify the order accordingly. We further conclude that the court properly permitted the disclosure of defendant Dr. Dennis Weppner's statement during the quality assurance committee meeting concerning plaintiff mother's labor and delivery (*see Koithan v Zornek*, 226 AD2d 1080 [1996]). Present—Pigott, Jr., P.J., Wisner, Kehoe, Lawton and Hayes, JJ.