■ SUARNA MEHULIC, M.D., Appellant, v NEW YORK DOWNTOWN HOSPITAL, Respondent. [39 NYS3d 138]—

Order, Supreme Court, New York County (Shlomo Hagler, J.), entered October 9, 2015, which granted defendant's motion to file certain documents and deposition testimony under seal in connection with its motion for summary judgment, unanimously affirmed, without costs.

The motion was properly granted since all the exhibits at issue were designated confidential pursuant to the confidentiality agreement executed by the parties, and relate to "perform-

ance of a medical or a quality assurance review function" (*see* Education Law § 6527 [3]; Public Health Law § 2805-m; *Mehulic v New York Downtown Hosp.*, 113 AD3d 567, 569 [1st Dept 2014], *lv dismissed* 24 NY3d 976 [2014]).

Contrary to plaintiff's argument, Education Law § 6527 (3) and Public Health Law § 2805-m apply to residents as well as to licensed doctors (*see Timashpolsky v State Univ. of N.Y. Health Science Ctr. at Brooklyn*, 306 AD2d 271, 273 [2d Dept 2003], *lv denied* 1 NY3d 507 [2004]; *Roth v Beth Israel Med. Ctr.*, 180 AD2d 434 [1st Dept 1992]; *see also* Public Health Law § 2805-j [1] [c]). Nor is their application limited to malpractice suits, since the statutes are intended to encourage candid performance reviews without fear of legal reprisal (*see e.g. Armenia v Blue Cross of W. N.Y., Community Blue*, 190 AD2d 1025 [4th Dept 1993] [applying Education Law § 6527 (3) in breach of contract action]; *Shapiro v Central Gen. Hosp.*, 171 AD2d 786 [2d Dept 1991] [applying statute in action alleging libel, slander, and interference with business relations]).

The statutory exception for "statements made by any person . . . who is a party to an action or proceeding the subject matter of which was reviewed at . . . [a] meeting [when medical or quality assurance review was performed]" (Education Law § 6527 [3]; Public Health Law § 2805-m [2]) does not apply because only the hospital, and not any of the individual doctors who made statements, is a party to this action.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Friedman, J.P., Richter, Feinman, Kapnick and Kahn, JJ.