Drum v Collure (2018 NY Slip Op 03244)





Drum v Collure


2018 NY Slip Op 03244


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


166 CA 17-00022

[*1]LARRY E. DRUM, PLAINTIFF-RESPONDENT,
v
DON A. COLLURE, M.D., JASON BORTON, M.D., PROFESSIONAL EMERGENCY SERVICES, PLLC, ROBERT N. SAWYER, JR., M.D., DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 






SMITH, SOVIK, KENDRICK & SUGNET, P.C., BUFFALO (COLLEEN K. MATTREY OF COUNSEL), FOR DEFENDANT-APPELLANT ROBERT N. SAWYER, JR., M.D.
E. STEWART JONES HACKER MURPHY, LLP, TROY (JAMES E. HACKER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered October 4, 2016. The order denied the motion of defendants Don A. Collure, M.D., Jason Borton, M.D., Professional Emergency Services, PLLC, and Robert N. Sawyer, Jr., M.D., for a protective order and directed counsel for defendant Robert N. Sawyer, Jr., M.D. to produce a PowerPoint slide show. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff suffered a stroke and was treated briefly at the emergency department of Millard Fillmore Suburban Hospital (MFSH) before being transferred to Buffalo General Medical Center (Buffalo General). Both MFSH and Buffalo General are part of defendant Kaleida Health's hospital network. At Buffalo General, plaintiff began treating with defendant Robert N. Sawyer, Jr., M.D. According to plaintiff, at some point during that treating relationship, Sawyer showed plaintiff and plaintiff's daughter a PowerPoint slide show describing plaintiff's treatment. It is undisputed that Sawyer presented the same slide show to a quality control committee at MFSH, where he served as Chief of Stroke Services.
Plaintiff commenced the instant medical malpractice action and thereafter sought disclosure of the slide show. Defendants-appellants (hereafter, defendants) then moved for a protective order, asserting that the slide show is privileged under, inter alia, Education Law
§ 6527 (3). Supreme Court denied the motion and directed disclosure. We now affirm.
Education Law § 6527 (3) "shields from disclosure the proceedings [and] the records relating to performance of a medical or a quality assurance review function" (Jousma v Kolli, 149 AD3d 1520, 1521 [4th Dept 2017] [internal quotation marks omitted]; see Logue v Velez, 92 NY2d 13, 18 [1998]). The party invoking the privilege must establish that the document at issue was "generated in connection with a quality assurance review function pursuant to Education Law § 6527 (3)" (Matter of Coniber v United Mem. Med. Ctr., 81 AD3d 1329, 1330 [4th Dept 2011] [internal quotation marks omitted]). Here, the court properly determined that Sawyer's affirmation, which was submitted in support of the motion for a protective order, met that burden. Unlike the conclusory affidavits in Coniber and Slayton v Kolli (111 AD3d 1314, 1314-1315 [4th Dept 2013]), Sawyer's affirmation outlined the quality assurance review procedure at MFSH in detail and explained that the slide show was created for MFSH's weekly quality assurance review meeting.
We nevertheless conclude that the disputed materials are discoverable under the exception to the privilege for "statements made by any person in attendance at . . . a [medical or quality assurance review] meeting who is a party to an action or proceeding the subject matter of which was reviewed at such meeting" (Education Law § 6527 [3]). Disclosure under that exception may be obtained where: (1) the statements were made during a quality assurance review meeting; (2) that review meeting concerned the same subject matter as the malpractice action; and (3) the statements were made by a defendant in the action (see Koithan v Zornek, 226 AD2d 1080, 1080-1081 [4th Dept 1996]). "Statements" include written statements, such as letters (see Swartzenberg v Trivedi, 189 AD2d 151, 153-154 [4th Dept 1993], lv dismissed 82 NY2d 749 [1993]), notes (see Koithan, 226 AD2d at 1081), and the PowerPoint slide show at issue here. The above three conditions are satisfied here inasmuch as plaintiff alleges malpractice beginning with his treatment at MFSH, Sawyer is named as a defendant in the action, and Sawyer admittedly presented the slide show at a quality assurance review meeting that concerned, inter alia, plaintiff's care. The court therefore properly denied the motion and directed disclosure of the disputed slide show.
We have considered defendants' remaining contentions and conclude that they are without merit.
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court