Nowelle B. v Hamilton Med., Inc. (2019 NY Slip Op 05464)





Nowelle B. v Hamilton Med., Inc.


2019 NY Slip Op 05464


Decided on July 5, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1416 CA 18-00700

[*1]NOWELLE B., INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF RYAN D.R., II, AN INFANT, PLAINTIFF-RESPONDENT,
v
HAMILTON MEDICAL, INC., ET AL., DEFENDANTS, HOLLY PAYNE, RT, CURRINA STONE, RN, ANNA RUSTIN, RN, LINDSEY VALDEZ, RN, EVELYN KHORIATY, M.D., DEFENDANTS-APPELLANTS, AND SUNY UPSTATE MEDICAL UNIVERSITY HOSPITAL, INTERVENOR-APPELLANT. 






BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (JOSEPH M. SPADOLA OF COUNSEL), FOR DEFENDANTS-APPELLANTS AND INTERVENOR-APPELLANT.
CHERUNDOLO LAW FIRM, PLLC, SYRACUSE (JOHN C. CHERUNDOLO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered April 5, 2018. The order, insofar as appealed from, granted that part of the motion of plaintiff seeking to compel the production of statements made by defendants-appellants within the quality assurance process concerning the facts and circumstances of the incident that occurred on November 11, 2013 and gave rise to the malpractice claim. 
It is hereby ORDERED that the order insofar as appealed from is reversed on the law without costs and that part of the motion seeking to compel the production of statements made by defendants-appellants within the quality assurance process concerning the facts and circumstances of the incident that occurred on November 11, 2013 and gave rise to the malpractice claim is denied.
Memorandum: Plaintiff commenced this action for personal injuries sustained by her infant son after he suffered a severe brain injury from bilateral pneumothoraxes. Plaintiff alleged that the incident occurred on November 11, 2013 after the infant had been transported to intervenor SUNY Upstate Medical University Hospital (SUNY Upstate) and placed on a ventilator. During discovery, plaintiff requested, inter alia, that defendants-appellants (defendants) and SUNY Upstate produce all documents related to the evaluation of what occurred to the infant on November 11, 2013. Defendants and SUNY Upstate objected to that request, contending that any responsive documents would have been made as part of SUNY Upstate's quality assurance program and would therefore be privileged and exempt from disclosure pursuant to Education Law § 6527 (3) and Public Health Law § 2805-m (2). Plaintiff thereafter moved to compel, inter alia, production of any statements that defendants "provided to a quality assurance and/or a peer review committee." In support of that part of her motion, plaintiff relied on the statutory exception to the privilege (see Education Law § 6527 [3]; Public Health Law
§ 2805-m [2]). Supreme Court granted the motion in part and, as relevant here, ordered defendants to produce "any statements made by a physician or other health care professional who [was] named as a defendant in this action within the quality assurance process concerning the facts and circumstances of the incident giving rise to the malpractice claim, arising out of events from November 11, 2013." Thereafter, we granted SUNY Upstate's motion to intervene and appear as an appellant. Defendants and SUNY Upstate, as limited by their brief, appeal from the order to the extent that it granted that part of plaintiff's motion seeking to compel production of [*2]those statements. We reverse the order insofar as appealed from.
We agree with SUNY Upstate and defendants that the court erred in granting plaintiff's motion with respect to certain statements made by defendants during the quality assurance process. "The New York State Education Law shields from disclosure the proceedings [and] the records relating to performance of a medical or a quality assurance review function or participation in a medical and dental malpractice prevention program' " (Logue v Velez, 92 NY2d 13, 16-17 [1998], quoting Education Law § 6527 [3]; see Public Health Law § 2805-m [2]). Although there is an exception to that privilege, "the exception is narrow" (Logue, 92 NY2d at 18) and is limited to "statements made by any person in attendance at such a [quality assurance] meeting who is a party to an action or proceeding the subject matter of which was reviewed at such meeting" (Education Law § 6527 [3]; see Public Health Law § 2805-m [2]; Logue, 92 NY2d at 18; Drum v Collure, 161 AD3d 1509, 1510-1511 [4th Dept 2018]).
Here, the "statements" at issue were provided shortly after the incident and were obtained as part of SUNY Upstate's quality assurance investigation. The statements, however, were not made at a quality assurance committee meeting; nor were they made in response to any inquiries initiated by the committee (cf. Swartzenberg v Trivedi, 189 AD2d 151, 152-154 [4th Dept 1993], lv dismissed 82 NY2d 749 [1993]). None of the defendants appeared at any committee meeting. Thus, we agree with SUNY Upstate and defendants that plaintiff's proposed construction of the statutory exception would not give any practical effect to the phrase "in attendance," but rather would render that phrase meaningless (see generally McKinney's Cons Laws of NY, Book 1, Statutes § 98). Further, the Court of Appeals specifically instructed that the exception is "narrow and limited to statements given at an otherwise privileged peer review meeting" (Logue, 92 NY2d at 18; see generally Katherine F. v State of New York, 94 NY2d 200, 205-206 [1999]; Lilly v Turecki, 112 AD2d 788, 788-789 [4th Dept 1985]). Following plaintiff's proposed construction "would extend the [statutory] exception to a point where it would swallow the general rule that materials used by a hospital in quality review and malpractice prevention programs are strictly confidential" (Logue, 92 NY2d at 19).
To the extent that the Second Department has expanded the statutory exception to the statements at issue here, we decline to follow those cases (see Santero v Kotwal, 4 AD3d 464, 465 [2d Dept 2004]; vanBergen v Long Beach Med. Ctr., 277 AD2d 374, 374-375 [2d Dept 2000]).
All concur except Curran, J., who concurs in the result in the following memorandum: I concur with the majority that the narrow exception to the privilege against disclosure created by Education Law § 6527 (3) and Public Health Law § 2805-m (2) is limited by express statutory language to only statements concerning the subject matter of litigation made by a party while "in attendance" at a quality assurance (QA) committee meeting (Public Health Law § 2805-m [2]; see Education Law § 6527 [3]). I write separately, however, because I submit that our prior decision in Swartzenberg v Trivedi (189 AD2d 151 [4th Dept 1993], lv dismissed 82 NY2d 151 [1993]) contradicts the well-settled construction of that narrow exception to the rule against such disclosure, and I would therefore expressly disavow that case.
In Swartzenberg, we held that a letter supplied by a defendant physician in a medical malpractice action fell within the aforementioned exception and was therefore discoverable. We specifically rejected a "hypertechnical reading of the statute," and determined that "such an interpretation would not serve any statutory purpose" (id. at 153). We held that the statute's purpose was to "encourage peer review of physicians by guaranteeing confidentiality to those persons performing the review function" and that, therefore, the statute "was not intended to extend protection to persons . . . whose conduct is the subject of review" (id.). As I understand the analysis in Swartzenberg, this Court, in evaluating whether the exception applied, focused on the distinction between the persons who made the challenged statements—i.e., between those who performed the review function and those whose conduct was the subject of review—and determined that statements made by the latter were subject to disclosure. Here, in my view, the majority properly abandons that distinction to focus on the more germane one, namely, whether the statements were made "in attendance at . . . a [quality assurance] meeting" or whether the statements were made at other times (emphasis added). That is the correct distinction on which we should focus.
I cannot, however, accept the majority's reasoning that Swartzenberg pertains only to "inquiries initiated by the [QA] committee." Swartzenberg never explicitly made such a holding, and instead concluded that the letter from the defendant physician at issue was "the functional equivalent of a statement" to the committee (id. at 154). The Court focused on the fact that the defendant physician communicated with the QA committee as the relevant consideration to determine whether the exception applied. It did not limit the exception's scope to only those instances where a statement was made by the defendant physician at a QA committee meeting or submitted in response to the committee's specific inquiries.
Moreover, even if Swartzenberg created a carve-out from the "in attendance at a meeting" requirement based on whether a statement was made by a party in response to a QA committee inquiry, the effect is far too broad and conflicts with the narrowness of the exception (Public Health Law § 2805-m [2]; see Education Law § 6527 [3]; Logue v Velez, 92 NY2d 13, 18 [1998]). For example, as was the case here, statements are often made by defendant physicians to hospital QA professionals, and it is undoubtedly true that such statements may be considered part of the general inquiry conducted by the committee. Thus, even limiting the application of Swartzenberg to inquiries by the committee to a party suggests that, any time a QA committee requests statements from a party, the committee is conducting an extra-meeting inquiry, rendering such statements discoverable. That undercuts our narrow holding here that the only discoverable statements are those made while in attendance at a QA committee meeting.
Thus, I would expressly disavow Swartzenberg as contrary to our construction of the narrow statutory exception permitted under Education Law § 6527 (3) and Public Health Law § 2805-m (2).
Entered: July 5, 2019
Mark W. Bennett
Clerk of the Court