■ BARD-ROCK CORP., Appellant, v PAUL CORUTKY, Respondent.

We find no indication in the record that Special Term abused its discretion in denying as moot plaintiff's motion to preclude (CPLR 3042 [c], [e]) where the bill of particulars in question had been served during the pendency of the motion. A prior order of the same court (Kelly, J.), dated March 19, 1982, which granted defendant's motion to preclude the plaintiff from adducing certain evidence at trial, is unrelated to the instant motion and did not establish the law of the case with respect to plaintiff's separate demand for a bill of particulars (*see, Martin v City of Cohoes,* 37 NY2d 162, 165; 1 Carmody-Wait 2d, NY Prac § 2:64, at 76-78; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5011.09). The final order of preclusion against plaintiff was made upon plaintiff's failure to comply with a prior order of the same court (Daronco, J.), dated July 24, 1981, which had conditionally granted a motion by defendant to preclude unless plaintiff served its bill of particulars within a specified period of time. Plaintiff's motion for a final order of preclusion was based upon defendant's failure to comply with an order of the same court (Stolarik, J.), dated June 18, 1981, which, *inter alia,* modified plaintiff's demand for a bill of particulars and merely directed defendant to serve his bill of particulars in response to the demand as modified. Therefore, there had been no conditional order of preclusion made against defendant in this case.

In view of the foregoing, plaintiff's contention that its constitutional due process and equal protection rights were violated by Special Term's determination is without merit. Mollen, P. J., Titone, Bracken and Rubin, JJ., concur.