■ DARYL PRESTON, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 75058.)—Order unanimously modified on the law and as modified affirmed without costs and claim dismissed, in accordance with the following memorandum: The State appeals from so much of the order of

the Court of Claims as denied in part its motion for summary judgment. Claimant cross-appeals from the same order to the extent that it granted partial summary judgment to the State dismissing claimant's claim arising from his indictment, prosecution, conviction and sentencing for assault upon seven individuals. Claimant asserts that he should be permitted to recover for injuries resulting from his own criminal acts and conviction because of the State's medical malpractice in failing to commit him involuntarily. The court was correct in rejecting this claim, because it has long been recognized that a person should not be allowed to recover for his own criminal acts (see, Barker v Kallash, 63 NY2d 19, 24-26; Riggs v Palmer, 115 NY 506). We reject claimant's invitation to liken this claim to those instances where the State has been held responsible for injuries to individuals committed to institutional care (see, e.g., Huntley v State of New York, 62 NY2d 134; Calabria v State of New York, 176 Misc 925, affd 263 App Div 1056, affd 289 NY 613; Shattuck v State of New York, 166 Misc 271, affd 254 App Div 926). Further, because of his guilty plea claimant is barred by the doctrine of collateral estoppel from asserting that his psychiatric condition prevented him from perceiving that his conduct was wrongful (see, S. T. Grand, Inc. v City of New York, 32 NY2d 300, 304-305, rearg denied 33 NY2d 658; Merchants Mut. Ins. Co. v Arzillo, 98 AD2d 495, 504-505). At oral argument claimant stated that no claim is being made for injuries unrelated to his criminal activities, thereby rendering moot the issue raised by the State on its direct appeal. Consequently, the order of the Court of Claims should be modified and judgment entered dismissing claimant's claim. (Appeals from order of Court of Claims, Margolis, J.—summary judgment.) Present—Boomer, J. P., Pine, Balio, Lawton and Davis, JJ.