■ MARGARET GILMARTIN, Respondent, v HELMSLEY-SPEAR, INC., et al., Appellants-Respondents, and BURNS INTERNATIONAL SECURITY SERVICE, INC., Respondent-Appellant.—Order, Supreme Court, Bronx County (Anita Florio, J.), entered November 9, 1989, which, *inter alia,* denied defendants', Helmsley-Spear, Inc. and Parkchester Management Corp., motion and defendant Burns International Security Service, Inc.'s cross motion for summary judgment to dismiss plaintiff's complaint, unanimously affirmed, with costs.

Negligence cases by their nature do not usually lend themselves to summary judgment *(Ugarriza v Schmieder,* 46 NY2d

471, 474) and this case falls within that principle. The mere existence of an intervening criminal act by a third person will not completely absolve a defendant landlord or defendant's security service from liability where such defendants should have reasonably anticipated a risk of harm from criminal activity to persons on the premises (see, *Muniz v Flohern, Inc.,* 155 AD2d 172, *lv granted* 161 AD2d 1218).

In 1986, plaintiff, a tenant in the Parkchester housing complex in the Bronx, was injured when she was forcibly robbed by an unknown intruder in the lobby of her apartment building. Our review of the record reveals that there are questions of fact as to the staff's change in shift procedures, which, along with other factors, allowed the complex to be unguarded for at least 15 minutes. It was during one of these shift changes that the robbery occurred. Concur—Kupferman, J. P., Sullivan, Rosenberger, Kassal and Smith, JJ.