■ JULIE CARROLL, Respondent, v AR DE REALTY CORP., N. V., Appellant, et al., Defendant.—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered May 5, 1989, which, inter alia, denied defendant Ar De Realty Corp.'s motion for summary judgment dismissing plaintiff's second cause of action, unanimously affirmed, without costs and without disbursements.

Plaintiff was injured when she was raped and sodomized by an unknown assailant on the 38th floor of the premises owned by defendant located at 150 East 58th Street. The mere existence of an intervening criminal act by a third person will not completely absolve a defendant landlord from liability where the defendant should have reasonably anticipated a risk of harm from criminal activity to persons on the premises. (Gilmartin v Helmsley-Spear, Inc., 162 AD2d 275.) A review of the record reveals there are questions of fact as to the reasonableness of the landlord's security measures, in view of the extensive criminal activity in the subject premises during the 15-month period preceding the incident complained of.

Accordingly, summary judgment was properly denied. Concur—Murphy, P. J., Milonas, Rosenberger and Asch, JJ.