■ GAIL SPEED, Appellant, v AVIS RENT-A-CAR et al., Respondents.—Order, Supreme Court, New York County (Diane Lebedeff, J.) entered on April 5, 1990 to the extent that it granted defendants' motion to preclude plaintiff from adducing certain evidence at trial, unanimously reversed, on the law, the facts and in the exercise of discretion and the motion to preclude denied, with costs. The appeal from the order of the same court, entered on or about January 4, 1990, is dismissed as subsumed, without costs.

This action arose out of an accident which, plaintiff alleged, was caused when an automobile which was manufactured by defendant Ford Motor Company, Inc. ("Ford") and rented by plaintiff from defendant Avis Rent-A-Car ("Avis") failed to stop when she stepped on the brake pedal. In response to a series of motions, plaintiff ultimately filed supplemental bills of particulars which alleged and specifically described defects in the power brake booster and simply alleged defects in the rest of the brake system as well as in the steering and suspension systems. Plaintiff also alleged that the vehicle had been destroyed by Avis before she had an opportunity to examine it and stated her intention to prove that the automobile was defective through circumstantial evidence, including evidence of a July 2, 1984 recall of the type of automobile involved in the accident due to improper assembly of the power brake booster at Ford's St. Thomas, Ontario plant. Ford in turn alleged that the subject vehicle had been manufac-

tured in Buffalo, New York. The court denied defendants' motions to preclude as to plaintiff's claim of a defective power brake booster, and granted the motion to preclude plaintiff from offering evidence as to particulars of defects in the steering and suspension systems and other parts of the brake system and to preclude plaintiff from introducing evidence of the recall unless plaintiff provided defendants with 30 days notice prior to trial of evidence establishing that the actual vehicle involved herein would have been subject to the recall.

We find that, under the circumstances herein, the bill of particulars was sufficient and there was no basis for an order of preclusion. Since plaintiff alleged that the automobile which had been involved in the accident was destroyed before she had an opportunity to inspect it, and also stated that, as a result, she intended to rely solely on circumstantial evidence to establish the existence of any defects, defendants were adequately informed of the nature of her claim. Thus, despite plaintiff's inability to specifically describe defective conditions in or specific acts of negligent design and manufacture of the steering, suspension, and brake systems other than in the power brake booster she is not precluded from attempting to demonstrate through circumstantial evidence that such defects caused the automobile to behave as she alleged. *(See, Codling v Paglia,* 32 NY2d 330.)

Moreover, a decision regarding the admissibility of evidence of the recall by Ford of automobiles of the same make and model manufactured at its Ontario plant is more properly made at trial when its relevance, or lack of relevance, may be determined in context. *(See, Carroll v Nunez,* 137 AD2d 911.) Thus, even without the inclusion in the bill of particulars of proof that the car in question had been among those actually recalled, the court was premature in ruling upon its admissibility at this point in the action. Concur—Carro, J. P., Milonas, Ellerin, Kupferman and Rubin, JJ.