■ VICTOR RODRIGUEZ, Individually and as Administrator of the Estate of TRINIDAD RODRIGUEZ, Deceased, Appellant, v WILLIAM A. MOHR, Respondent. (Action No. 1.) GEORGE FRANCIS, Individually and as Administrator of the Estate of MERLENE FRANCIS, Deceased, et al., Appellants, v LAWRENCE MOHR et al., as Coexecutors of WILLIAM A. MOHR, Deceased, et al., Respondents and Third-Party Plaintiffs-Respondents. ANTHONY MORGAN et al., Third-Party Defendants-Respondents. (Action No. 2.)—Order, Supreme Court, Bronx County (Hansel McGee, J.), entered May 25, 1990, granting defendants, in actions Nos. 1 and 2, summary judgment dismissing the complaints, unanimously affirmed, without costs.

These consolidated tort actions arise out of an arson fire which occurred on August 23, 1984 at defendant landlord's leased premises located at 1621-31 Westchester Avenue, Bronx, in which three persons were killed. Plaintiffs sued defendant landlord, his estate and his realty corporation claiming there was a breach of duty on the landlord's part.

The criminal acts of the two arsonists were not foreseeable as a matter of law, so as to hold defendants liable for them. While the mere existence of an intervening criminal act by a third person will not completely absolve a defendant landlord from liability, where the defendants should have reasonably anticipated a risk of harm from criminal activity to persons on the premises *(Carroll v Ar De Realty Corp.,* 167 AD2d 216), plaintiffs failed to come forth with proof demonstrating that defendant landlord had notice of the existence of any alleged illegal gambling activities or the threat of violence, on the subject premises prior to the fatal fire. Further, the allegation that four (4) years before the subject incident took place, fires of suspicious origin occurred at two other Bronx properties owned and leased by defendant landlord, and that the police

reports indicated the presence of illegal gambling activities at those sites, does not provide a basis from which the jury could infer that defendant landlord was obligated to undertake special security measures. *(See, Tarter v Schildkraut,* 151 AD2d 414, *lv denied* 74 NY2d 616.)

We have considered plaintiffs' remaining arguments and found them to be without merit. Concur—Rosenberger, J. P., Kupferman, Ross, Asch and Kassal, JJ.