■ JAREN LEVITT, Appellant-Respondent, v LENOX HILL HOSPITAL et al., Defendants, and CAROL COWEN et al., Respondents-Appellants.—Order, Supreme Court, New York County (Peter Tom, J.), entered December 17, 1990, which, on a pretrial application by defendant-respondent-cross-appellant Michael A. Rosenbluth, M.D., and other defendants, dismissed so much of plaintiff's pleadings as alleged damages caused by the contraction of Acquired Immune Deficiency Syndrome and the AIDS-Related Complex as a result of defendant's alleged medical malpractice and negligence, unanimously affirmed, without costs.

In this medical malpractice action, the defendants are the hospital and treating physicians who performed various services in connection with surgery and other treatment of plaintiff's broken knee in 1974. In relevant part, the plaintiff alleges that he was given an addictive pain killer known as Dilaudid, despite the defendants' knowledge that plaintiff had previously been addicted to narcotics. According to the plaintiff's theory, as a direct consequence thereof, he became re-addicted, was driven to pass bad checks to obtain money for the drugs, was convicted of grand larceny, was imprisoned, used a shared needle to inject intravenous drugs in prison, thus acquiring AIDS and the AIDS-Related Complex (ARC).

In 1986, a previous IAS Judge refused to rule on the substantive validity of the plaintiff's bill of particulars, which did not yet contain allegations concerning AIDS and ARC, in the context of a motion to strike a note of issue. In 1990, a second predecessor IAS Judge authorized the plaintiff to serve a supplemental bill of particulars adding to the case the issue of his contracting AIDS and ARC.

Immediately before trial, after jury selection, but before opening statements, defendant Rosenbluth made an oral motion that all evidence should be precluded regarding any

damages resulting from the plaintiff's commission of criminal acts, incarceration, criminal behavior while incarcerated, narcotic use while incarcerated, and all damages flowing from this conduct. On one day's notice, and without papers, the IAS Judge heard oral argument on the motion, in which the remaining defendants joined. In a decision rendered on the record and reduced to a written decision constituting the order now on appeal, the IAS Judge struck all of the plaintiff's pleadings concerning his HIV-positive status, but otherwise denied the motion.

The IAS court properly rejected plaintiff's argument that the two orders rendered by predecessor Justices were binding under the doctrine of law of the case (see generally, Martin v City of Cohoes, 37 NY2d 162, rearg denied 37 NY2d 817). A motion addressed purely to alleged defects in a bill of particulars is not the law of the case with respect to a substantive evidentiary issue subsequently raised (see, Bard-Rock Corp. v Corutky, 110 AD2d 611, 612). In any event, the doctrine of law of the case does not bind this Court (see, Murray v Empire Ins. Co., 175 AD2d 693).

The defendants were not required to raise this issue in a timely motion pursuant to CPLR 3042. Such a motion is addressed to defects in the bill of particulars. It has been noted that the issue on such a motion is whether or not the bill of particulars "substantially complies with the request, particularly if there is some excuse for the failure to furnish all of the requested items" (3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3042.10).

While the Trial Court's procedural approach to hearing the motion was unusual, and we note that the defendants are in disagreement on the precise procedural posture of their motion, we find the motion to have been more than a mere in limine challenge to the admissibility of specific evidence (see, Speed v Avis Rent-A-Car, 172 AD2d 267). It was a fundamental challenge to the central theory of the plaintiff's case, which was not decided until after the plaintiff's trial counsel had a full opportunity to articulate all aspects of this theory and describe all proof to be adduced at trial, to the same extent that he would have done in his opening statement to the jury. Indeed, appellate counsel conceded on oral argument that every point that could have been raised in plaintiff's opening statement to the jury was raised on counsel's argument of this motion before the IAS court. Although trial proceedings had already begun, and the jury had been se-

lected, CPLR 4401 provides for a motion for judgment by any party during a trial.

The IAS court properly declined to dismiss the bulk of that portion of plaintiff's case challenged by defendants on this motion, rejecting the defendants' argument that any alleged medical malpractice could not have been a proximate cause of plaintiff's criminal conduct and the subsequent results of that conduct. Proximate cause and foreseeability are generally jury issues (see, e.g., Cruz v Madison Detective Bur., 137 AD2d 86, 91). While plaintiff cannot contest that he committed an intentional crime (see, Preston v State of New York, 152 AD2d 943, 944), intervening criminality will not defeat liability as a matter of law where the criminal conduct is itself a foreseeable result of the alleged negligence (see, Rodriguez v Mohr, 174 AD2d 382). It is for the jury, then, to determine whether or not the plaintiff's commission of grand larceny precludes holding the defendants liable in malpractice (see, Bikowicz v Sterling Drug, 161 AD2d 982).

Nevertheless, there are instances in which the court may conclude that the alleged proximate cause is too remote to the injury as a matter of law (see, e.g., Hyde v County of Rensselaer, 51 NY2d 927, 929-930). In the circumstances presented we agree with the IAS court that such is the case with plaintiff's contracting AIDS and ARC. Proximate cause serves to limit the responsibility of an actor for the consequences of his conduct (Monahan v Weichert, 82 AD2d 102, 106), and the concept of proximate cause, in part, "stems from policy considerations that serve to place manageable limits upon the liability that flows from negligent conduct" (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 314, rearg denied 52 NY2d 829). An expansion of the concept of proximate cause to hold responsible a health care professional for an externally caused disease that may at some future date be contracted by a patient would be improper, irrespective of whether the disease may be contracted as a consequence of actions that are themselves foreseeable. Concur—Murphy, P. J., Sullivan, Carro, Rosenberger and Rubin, JJ., concur.