■ ROSEANNE KRAVIS et al., Appellants, v STEWART HORN, Respondent. [678 NYS2d 784] —In an action to recover damages

for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Alpert, J.), dated June 30, 1997, which denied their posttrial motion pursuant to CPLR 4404 (a) to set aside so much of the jury verdict as failed to award them damages for pain and suffering, lost earnings, and loss of services.

Ordered that the order is affirmed, with costs.

A jury verdict may be set aside as against the weight of the evidence only when the jury could not have reached its verdict by any fair interpretation of the evidence (*see, Grassi v Ulrich,* 87 NY2d 954; *Teehan v Command Bus Co.,* 251 AD2d 321). Here there was evidence adduced by which a reasonable jury could conclude that the defendant's conceded departure from good and accepted medical practice was not the proximate cause of all of the injuries allegedly sustained by the plaintiff Roseanne Kravis (*see, Levitt v Lenox Hill Hosp.,* 184 AD2d 427).

Furthermore, contrary to the plaintiffs' contention, the court's charge with respect to foreseeability and intervening cause was proper inasmuch as it stated the law as applicable to the particular facts at issue, which the evidence tended to prove (*see, Green v Downs,* 27 NY2d 205; *Martino v Triangle Rubber Co.,* 249 AD2d 454).

The plaintiffs' remaining contentions are without merit. Ritter, J. P., Santucci, Altman and Krausman, JJ., concur.