■ STEVEN COLUCCI, Respondent, v JENNIFER CONVERTIBLES, INC., et al., Appellants. [724 NYS2d 840] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about March 8, 2000, and revised March 13, 2000, which granted plaintiff's motion to strike defendants' answer, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, plaintiff's motion denied and the answer reinstated on condition that, within 20 days of service of a copy of this order with notice of entry, defendants (a) pay plaintiff's

---

* The disposition of plaintiffs' motion to strike Beth Israel's and Dr. Leitao's answers is not at issue in this appeal.

attorney $750 and (b) provide the discovery sought. Appeal from order, same court and Justice, entered on or about March 14, 2000, which denied defendants' application for an order to show cause for leave to vacate and/or renew and reargue, unanimously dismissed, without costs, as taken from a nonappealable paper.

Defendants' appeal from the order that denied their order to show cause to vacate and/or renew and reargue the order striking their answer must be dismissed since no appeal lies from an ex parte order (CPLR 5701 [a] [2]). Defendants' noncompliance with court orders and plaintiff's demands for disclosure, while undeniably sanctionable (CPLR 3126), was not shown conclusively to be willful, contumacious or in bad faith, and thus constitutes something less than the "[e]xtreme conduct" required before the ultimate penalty of striking the answer is imposed (*see, Dauria v City of New York*, 127 AD2d 459, 460). We deem it appropriate, in view of our policy favoring resolution of disputes on their merits, to grant defendants one final chance to comply with plaintiff's discovery demands, on condition that, within 20 days of service of a copy of this order with notice of entry, defendants pay plaintiff's attorney $750 and provide plaintiff with the requested disclosure. Concur— Ellerin, J. P., Lerner, Saxe, Buckley and Friedman, JJ.