■ TOWER INSURANCE COMPANY OF NEW YORK, Respondent, v JOHN ANDERSON, JR., et al., Defendants, and MORTON DUKE et al., Appellants. [20 NYS3d 56]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered July 18, 2014, which granted plaintiff's motion for summary judgment declaring that it has no duty to defend or indemnify defendants John Anderson, Jr., John Anderson, Sr., and Grace Anderson in the underlying personal injury action, and so declared, and denied defendants Morton Duke and Charmaine Bennett's motion to dismiss the complaint as against them and for sanctions, unanimously modified, on the law, plaintiff's motion denied and the declaration in its favor vacated, and it is declared that plaintiff must provide coverage in the underlying action, and otherwise affirmed, without costs.

Contrary to plaintiff's argument with respect to the motion court's June 10, 2013 order, the doctrine of law of the case does not bind this Court (*Levitt v Lenox Hill Hosp.*, 184 AD2d 427, 428 [1st Dept 1992]).

The issue on appeal is, as of what date did plaintiff have "sufficient knowledge of potential material misrepresentations" by its insureds, the Anderson defendants, in their policy or renewal applications, to rescind the policy (*see United States Life Ins. Co. in the City of N.Y. v Blumenfeld*, 92 AD3d 487, 490 [1st Dept 2012]). The critical sequence of events began when plaintiff's examiner conducted a recorded interview of Anderson, Jr., on February 14, 2012. On March 5, 2012, plaintiff disclaimed coverage, and it commenced this declaratory action on June 4, 2012. Thus, as early as March 5, 2012, plaintiff suspected a material misrepresentation. Yet it continued to accept the Andersons' premium payments, and it renewed the policy on December 8, 2012. By accepting the premium payments after learning of the Andersons' material misrepresentation, plaintiff waived its right to rescind the policy (*id.* at 489). This is so even if its reason for accepting the payments was to " 'protect' " its insureds pending a determination of this action (*id.*).

The motion court properly declined to sanction plaintiff for its failure to produce its witness for a deposition, since no further testimonial evidence from plaintiff was necessary to a determination whether plaintiff's undisputed actions gave rise

to an estoppel or whether the Andersons resided at the premises. Sanctions under 22 NYCRR part 130 are also unwarranted. Concur—Gonzalez, P.J., Tom, Mazzarelli and Manzanet-Daniels, JJ.