Compass Concierge, LLC v 142 Duane Realty Corp. (2023 NY Slip Op 06309)

Compass Concierge, LLC v 142 Duane Realty Corp.

2023 NY Slip Op 06309

Decided on December 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 07, 2023

Before: Webber, J.P., Scarpulla, Pitt-Burke, Rosado, O'Neill Levy, JJ. 

Index No. 157509/21 Appeal No. 1159 Case No. 2022-05790 

[*1]Compass Concierge, LLC, Plaintiff-Appellant,
v
142 Duane Realty Corp., et al., Defendants-Respondents.

Held & Hines, LLP, Brooklyn (Marc J. Held of counsel), for appellant.
The Lawyer James, New York (James J. DeCristofaro of counsel), for respondents.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about August 1, 2022, which granted defendants' motion to dismiss the complaint as to defendant Stephen Corelli, dismissed the second cause of action as against defendant 142 Duane Realty Corp., and denied plaintiff's cross-motion for summary judgment, unanimously affirmed, without costs.
The court correctly dismissed the breach of contract claim against Corelli because he was not a party to the contract, and the complaint did not cite any facts that would support piercing the corporate veil to hold him personally liable for Duane Realty's alleged breach of the contract. It is well-established that signing a contract on behalf of a corporation does not make the signatory personally liable under the contract (see Kreutter v McFadden Oil Corp., 71 NY2d 460, 468 [1988]; Georgia Malone & Co., Inc. v. Rider, 86 AD3d 406, 408 [1st Dept 2011], affd 19 NY3d 511 [2012]). Moreover, nothing in the contract suggests that the parties intended to bind Corelli personally (see Greenfield v Philles Records, 98 NY2d 562, 569 [2002]).
The second cause of action for breach of the implied covenant of good faith and fair dealing was correctly dismissed as to Corelli in the absence of an enforceable contract to which he was a party and in which the covenant would be implied (see Core Dev. Group LLC v Spaho, 199 AD3d 447, 449 [1st Dept 2021]). The third cause of action for quantum meruit was also correctly dismissed as to him because there are no facts cited that indicate that plaintiff's services were accepted by him rather than by Duane Realty (see Freedman v Pearlman, 271 AD2d 301, 304 [1st Dept 2000]). The fourth cause of action for unjust enrichment was defective because no facts were alleged that would indicate a relationship between Corelli and plaintiff that would have caused inducement or reliance by plaintiff (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]).
The court also properly dismissed the second cause of action for breach of the implied duty of good faith and fair dealing against defendant 142 Duane Realty Corp. The allegations on the breach of the covenant of good faith and fair dealing mirror the breach of contract claim, and both claims seek the same contractual damages (see Polaris Venture Partners VI L.P. v AD-Venture Capital Partners L.P., 179 AD3d 548 [1st Dept 2020]).
Plaintiff's cross-motion for summary judgment was properly denied as premature because it was filed prior to issue being joined (CPLR 3212[a]),and this requirement is strictly adhered to (see City of Rochester v Chiarella, 65 NY2d 92, 101 [1985]). Moreover, none of the exceptions to this rule are applicable (see Mihlovan v Grozavu, 72 NY2d 506, 508 [1988]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2023