## Clemente v Forefront Ins. Brokerage Inc.

2024 NY Slip Op 34521(U)

December 26, 2024

Supreme Court, New York County

Docket Number: Index No. 150742/2024

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**

*Justice*

PART      33M

-----------------------------------------------------------------------------X

MICHAEL CLEMENTE,

                               Plaintiff,

- v -

FOREFRONT INSURANCE BROKERAGE INC.,HENRY CHENG, C&M FIRST SERVICES INC.,HYUNDAI FIRE & MARINE INSURANCE CO. LTD

                               Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150742/2024 |
| MOTION DATE | 03/21/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 44, 47, 48, 49, 50, 51, 52, 60, 61

were read on this motion to/for                    **DISMISSAL**            .

Upon the foregoing documents, and after a final submission date of September 17, 2024, Defendant Hyundai Fire and Marine Insurance Co. Ltd's ("Hyundai") motion to dismiss Plaintiff Michael Clemente's ("Plaintiff") Complaint is granted in part and otherwise denied.

## I.    Background

This is an action alleging broker negligence, breach of contract, and seeking a declaratory judgment that coverage exists under a policy issued by Hyundai to insure a rental property located at 29 Lorenz Ave, New Rochelle, NY (the "Property") owned by Plaintiff. The property was leased to tenants who were part of Iona College's rugby team. A pipe burst in the Property and Plaintiff sought to recover damages under the Hyundai policy. Hyundai disclaimed coverage, arguing that Plaintiff made a material misrepresentation that the property would be leased to two families. Plaintiff then brought this action against Hyundai.

Hyundai seeks dismissal pursuant to CPLR 3211(a)(1) and (a)(7). Hyundai argues that there is no breach of contract and no basis for coverage because Plaintiff misrepresented the

occupancy of the Property, which voids the policy *ab initio*. Because the policy is void *ab initio*, there is no breach of the covenant of good faith and fair dealing, as Hyundai promptly investigated the loss and upon investigation disclaimed coverage. Hyundai further argues Plaintiff's request for declaratory judgment fails because there can be no coverage when the policy is void due to misrepresentation.

## II.       Discussion

A motion to dismiss based on documentary evidence pursuant to CPLR § 3211(a)(1) is appropriately granted only when the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (*Goshen v Mutual Life Ins. Co. of New York*, 98 NY2d 314 [2002]). The documentary evidence must be unambiguous, of undisputed authenticity, and its contents must be essentially undeniable (*VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC*, 171 AD3d 189, 193 [1st Dept 2019]). When reviewing a pre-answer motion to dismiss for failure to state a claim, the Court must give the Plaintiff the benefit of all favorable inferences which may be drawn from the pleadings and determines only whether the alleged facts fit within any cognizable legal theory (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]). All factual allegations must be accepted as true (*Allianz Underwriters Ins. Co. v Landmark Ins. Co.*, 13 AD3d 172, 174 [1st Dept 2004]).

Here, Hyundai is essentially seeking summary judgment prior to filing an answer or engaging in discovery. At this procedural juncture, the burden is on Hyundai to proffer documentary evidence that utterly refutes Plaintiff's allegations, but Hyundai has failed to do so. First, Hyundai submitted Plaintiff's signed dwelling policy application, yet later refers to an amended dwelling policy application which has not been submitted as an exhibit. As the amended application was not submitted, the Court cannot definitively make a ruling at this juncture that a

material misrepresentation voiding the policy has been made (*see generally Leon v Martinez*, 84 NY2d 83, 88 [1994]). Further, the affidavits submitted by Hyundai in support of their motion do not constitute documentary evidence (*Bou v Llamoza*, 173 AD3d 575 [1st Dept 2019]).

Moreover, while Hyundai relies on a document titled "Hyundai NY Dwelling Property Underwriting Guideline" (NYSCEF Doc. 15) to establish the policy would not have been issued to Plaintiff had he informed Hyundai about the occupancy of the Property, those guidelines do not definitively establish this argument. The document simply states "1-4 family, owner occupied & tenant occupied." There is no definition of what "1-4 family" means or how tenants who live with one another may be counted as a "family". The cited guideline is unclear and is not even a complete sentence. At this juncture, without deposition testimony explaining the guidelines, they are insufficient to warrant dismissal.

Finally, there is an issue of fact as to whether Hyundai knew the tenants were leasing the Property prior to issuing the policy. Plaintiff has submitted evidence in opposition to the motion to dismiss that Hyundai inspected the property prior to issuing the policy (NYSCEF Doc. 51). At the time of the inspection, the Property was rented and occupied by the Iona rugby team. An insurer who accepts premium payments after learning of a material misrepresentation waives the right to rescind the policy (*Tower Ins. Co. of New York v Anderson*, 133 AD3d 540 [1st Dept 2015]). Although Hyundai argues the inspection was just an "exterior inspection," at this pre-answer motion to dismiss stage, this argument is insufficient to dispose of the case (*see also Alexi Home Design, Inc. v Union Mutual Fire Ins. Co.*, 223 AD3d 449 [1st Dept 2024]). Because there is an issue of fact as to whether Hyundai waived its right to rescind the policy based on a purported misrepresentation, the Court at this juncture cannot dismiss Plaintiff's breach of contract and declaratory judgment causes of action.

**150742/2024   CLEMENTE, MICHAEL vs. FOREFRONT INSURANCE BROKERAGE INC. ET AL**
**Motion No.  001**

**Page 3 of 4**

However, Plaintiff's cause of action against Hyundai alleging breach of the implied covenant of good faith and fair dealing is dismissed as duplicative of his breach of contract claim (*see Compass Concierge, LLC v 142 Duane Realty Corp.*, 222 AD3d 428 [1st Dept 2023]).

Accordingly, it is hereby,

ORDERED that Hyundai's motion to dismiss Plaintiff's Complaint is granted solely to the extent that Plaintiff's eighth cause of action, alleging breach of the covenant of good faith and fair dealing against Hyundai is dismissed; and it is further

ORDERED that Hyundai's motion to dismiss Plaintiff's Complaint is otherwise denied; and it is further

ORDERED that within twenty days of entry, Hyundai shall serve an Answer to Plaintiff's Complaint; and it is further

ORDERED that the parties shall meet and confer and submit a proposed preliminary conference order to the Court via e-mail to SFC-Part33-Clerk@nycourts.gov on or before January 31, 2024. If the parties cannot agree to a proposed preliminary conference order, they shall appear for an in-person preliminary conference on February 5, 2025 in Room 442, 60 Centre Street, New York, New York, at 9:30 a.m.

ORDERED within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 12/26/2024 | | | | | My V Rosado JSC | |
|---|---|---|---|---|---|---|
| **DATE** | | | | | **HON. MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | x | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**150742/2024   CLEMENTE, MICHAEL vs. FOREFRONT INSURANCE BROKERAGE INC. ET AL**      **Page 4 of 4**
**Motion No.  001**