Elizabeth Canal, LLC v Structure Tone Global Servs., Inc. (2025 NY Slip Op 01860)

Elizabeth Canal, LLC v Structure Tone Global Servs., Inc.

2025 NY Slip Op 01860

Decided on March 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 27, 2025

Before: Moulton, J.P., Gesmer, Scarpulla, Rosado, Michael, JJ. 

Index No. 153543/17 595785/19 595857/19|Appeal No. 3989-3990|Case No. 2024-04507 2024-06635|

[*1]Elizabeth Canal, LLC, et al., Plaintiffs-Respondents,
v
Structure Tone Global Services, Inc., Defendant-Appellant, Cirocco & Ozzimo, Inc., Defendant-Respondent, First Republic Bank, Defendant. [And Other Third-Party Actions] 

Fullerton Beck LLP, White Plains (Edward J. Guardaro, Jr. of counsel), for appellant.
Duane Morris LLP, New York (Jose A. Aquino of counsel), for Elizabeth Canal, LLC, HH159 Canal Del LLC, Jemcom Canal Del, LLC, Elizabeth Bronx, LLC, and Jemcom Canal Reserve LLC, respondents.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about July 15, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiffs' CPLR 3126 motion for sanctions to the extent of striking defendant Structure Tone Global Services, Inc.'s answer and denied so much of the motion as sought to recover legal fees, unanimously modified, on the law and in the exercise of discretion, to deny the motion insofar as it sought to strike the answer and reinstate the answer, on the condition that, within 30 days of the service of a copy of this order, Structure Tone provides the discovery sought along with a privilege log identifying any documents claimed to be privileged and a new Jackson affidavit, and to remand the matter for calculation and imposition of monetary sanctions in accordance with CPLR 3126, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered October 28, 2024, which, to the extent appealed from as limited by the briefs, denied Structure Tone's motion to renew plaintiffs' motion, unanimously dismissed, without costs, as academic.
Although the nature and degree of the penalty to be imposed under CPLR 3126 lies within Supreme Court's sound discretion, this Court is vested with its own discretion and corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse (see Maxim, Inc. v Feifer, 161 AD3d 551, 554 [1st Dept 2018]). Under the circumstances presented, the penalty of striking the answer is too severe (see Colucci v Jennifer Convertibles, 283 AD2d 224, 225 [1st Dept 2001]; Hanson, 227 AD2d at 217). Structure Tone's failure to comply with discovery, while certainly sanctionable, was not conclusively shown to be willful, contumacious, or in bad faith (see Hanson v City of New York, 227 AD2d 217, 217 [1st Dept 1996]). Plaintiffs do not dispute that Structure Tone substantially complied with discovery requirements through the several years of litigation until the dispute underlying this appeal. Moreover, "even where the proffered excuse is less than compelling, there is a strong preference in our law that matters be decided on their merits" (Catarine v Beth Israel Med. Ctr., 290 AD2d 213, 215 [1st Dept 2002]). Accordingly, we remand to Supreme Court to determine an appropriate monetary sanction (see Maxim, 161 AD3d at 554; 241 Fifth Ave. Hotel, LLC v GSY Corp., 110 AD3d 470, 471 [1st Dept 2013]).
In light of our determination, Structure Tone's appeal from the court's denial of its motion to renew the first order is dismissed as academic (see Hassan v Manhattan & Bronx Surface Tr. Operating Auth., 286 AD2d 303, 304 [1st Dept 2001]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 27, 2025