**Matter of Reed (Sugg)**

2025 NY Slip Op 33347(U)

September 12, 2025

Surrogate's Court, New York County

Docket Number: File No. 2016-3704/A

Judge: Hilary Gingold

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
In the Matter of the Petition of Lucienne Reed,
as Administrator of the Estate of

        JOHN SUGG, a/k/a
        JOHN THOMAS SUGG, III,

                   Deceased,

to Compel the Discovery and Turnover of Property
of the Estate Pursuant to SCPA 2103 from
Stephen Pevner and Saint At Large, Inc.
-------------------------------------------------------------------X

ENTERED

SEP 1 2 2025

DATA ENTRY DEPT
New York County Surrogate's Court

DECISION

File No. 2016-3704/A

G I N G O L D, S.

    The following papers were read in determining this motion:

|  | Papers Numbered |
|---|---|
| Notice of Motion – Affirmation in Support – Exhibits | 1-3 |
| Good Faith Affirmation in Support – Exhibits | 4-5 |
| Memorandum of Law in Support | 6 |
| Affidavit of Service | 7 |
| Affirmation of Jeffrey A. Barr in Opposition – Exhibits – Affirmation of Service | 8-10 |
| Affirmation of Stephen Pevner in Opposition – Affirmation of Jeffrey A. Barr – Affirmation of Service | 11-13 |
| Memorandum of Law in Opposition – Affirmation of Service | 14-15 |
| Reply Affirmation in Further Support – Exhibits | 16-17 |
| Reply Memorandum of Law in Further Support | 18 |
| Affidavit of Service | 19 |

In this discovery proceeding for the Estate of John Sugg, Petitioner, Lucienne Reed, moves pursuant to SCPA 102, 2103, and CPLR 3126 to sanction Respondents, Stephen Pevner (Pevner) and Saint at Large, Inc., for refusal to comply with this court's Order, dated August 5, 2024, directing Respondents to provide discovery as requested in Petitioner's underlying motion to compel. Petitioner specifically requests that this court strike Respondents' pleading, or in the alternative, that it impose adverse inferences, preclusion orders, and monetary sanctions. Respondents oppose the motion, taking the position that Pevner has provided full and complete discovery, that any delays in production were caused by Respondents' prior counsel, and that Petitioner has not suffered any prejudice warranting sanctions.

Procedural History

Decedent died intestate on August 7, 2016, at the age of 87, survived by Petitioner as his spouse and sole distributee. On October 28, 2016, this court appointed Petitioner as administrator of decedent's estate.

About a year later, on October 30, 2017, Petitioner filed a 'Verified Petition for Turnover of Estate Property' pursuant to SCPA 2103 (Turnover Petition). The assets under contention were, and remain, as follows: Unit 8, a condominium apartment located at 382 Lafayette Street, New York, New York, 10003 currently occupied by Pevner (Unit 8); an insured art collection comprised of 47 pieces of which has been mostly, if not completely, transferred out of New York State by Pevner (Artwork); and corporate assets belonging to Saint at Large, Inc., an entity Petitioner alleges to still have been owned by decedent at the time of his passing.

2

The Turnover Petition explained that, after decedent's death, Pevner asserted ownership of Unit 8 and the Artwork through a lease (Lease)[1] as well as of Saint at Large, Inc. Petitioner sought the turnover of all Estate property in Pevner's possession or under his control, and sought to enjoin Pevner from further misappropriating, selling, or transferring Estate property. Respondents filed a pre-answer motion to dismiss (Motion to Dismiss) the Turnover Petition, arguing that Petitioner lacked standing to be appointed administrator of the Estate (CPLR 3211[a][3]) and therefore the court should vacate its decree in the administration proceeding to then dismiss the instant proceeding. Alternatively, Pevner moved to dismiss Petitioner's claims as barred under the statute of limitations (CPLR 3211[a][5]) and by documentary evidence (CPLR 3211[a][1]).

On April 4, 2023, this court issued a decision dismissing Respondents' Motion to Dismiss in its entirety (April 4th Decision). Specifically, the court rejected dismissal under CPLR 3211[a][3], finding that the question of Petitioner's standing requires not only a factual determination, but one that must be established by Respondents in a separate proceeding. The court also rejected dismissal under CPLR 3211[a][1], finding that the documentary evidence provided by Pevner failed to conclusively establish his ownership of Saint at Large, Inc. Likewise, as the authenticity of the Lease was, and continues to be, litigated, the court further held the Lease could not serve as documentary evidence of his ownership of Unit 8 or the Artwork. The argument for

---

[1] A document titled "Commercial Lease Agreement" was purportedly entered into by the decedent and Saint at Large, Inc. on November 11, 2015. Under the terms of this document, the decedent would lease Unit 8 to Saint at Large, Inc. for a term of five years with the option to renew a certain number of times provided Saint at Large, Inc. was not in breach of the agreement. The document also provided for an option to purchase. Petitioner challenges the validity of the document as a whole and disputes that it serves as any grounds to assert ownership. Petitioner first filed an action in Supreme Court in 2021, during the COVID-19 pandemic, seeking an order of ejectment. The Supreme Court stayed that proceeding pending determination of the turnover proceeding in this court. By Interim Order dated March 14, 2025, this court directed that any proceeding to evict Pevner should be brought in Housing Court. Accordingly, Petitioner filed a holdover proceeding in the New York County Civil Court under Index No: LT-309111-25/NY. The holdover proceeding is still pending, and the issues involving the validity of the Lease and Pevner's rights to use or occupy Unit 8 remain unresolved.

3

dismissal under CPLR 3211[a][5] necessarily failed given Pevner's inability to establish ownership coupled with the alleged date of conversion.

The April 4th Decision further ordered Respondents to file an Answer, which they timely submitted. The record reflects that the parties did adhere to the discovery deadlines imposed by the court's ensuing Scheduling Order, dated April 24, 2023.

Nevertheless, by July 24, 2023, Petitioner filed a motion to compel Respondents to produce documents and information responsive to 'Petitioner's Amended First Notice for Discovery and Inspection' and 'Petitioner's Amended First Set of Interrogatories,' and to make the Artwork available for inspection (Motion to Compel). She argued that Respondents' responses amounted to nothing more than boilerplate objections, devoid of any substance that would facilitate discovery. She indicated that Respondent's document production consisted only of the Lease, which was already part of the record, and of heavily redacted bank records. Lastly, she claimed Respondents were denying her access to the Artwork on the grounds that she first had to demonstrate her entitlement to said property.

On September 19, 2023, Respondents cross-moved to compel Petitioner to produce all documents responsive to Respondents' Notice of Discovery and Inspection (Cross-Motion). While Pevner conceded that Petitioner had responded to many of his requests, he claimed her disclosure was incomplete. Moreover, he argued that Petitioner's discovery requests were improper, and affirmed his position that she was not entitled to discovery on the Artwork as she could not establish ever having ownership of same.

On August 5, 2024, this court issued a decision granting Petitioner's Motion to Compel in its entirety and denying Respondents' Cross-Motion (Discovery Order). Specifically, the court ruled that Petitioner was entitled to all the documents and information she had requested in relation

4

to Unit 8, the Artwork, the Lease, Saint at Large, Inc., and an inspection of the Artwork. Pevner was ordered to provide an affidavit aligning with his representation that no documents existed in his possession or control regarding the Lease. He was further ordered to provide Petitioner with unfettered access to the Artwork until such time as its value could be determined and was expressly prohibited from removing any of the Artwork from Unit 8. Regarding Saint at Large, Inc., the court directed Pevner to supplement his discovery responses with the entity's financial statements, bank records, and tax returns. Respondents were to supplement and produce all non-privileged documents and information in response to Petitioner's disclosure requests within 30 days of service upon them of the Discovery Order, so by September 3, 2024.

The following Scheduling Order, dated November 6, 2024, directed all discovery to be completed on or before March 28, 2025. However, by January 3, 2025 Petitioner requested, and was granted, a conference to discuss the need for her to submit a motion for sanctions. The conference resulted in an Interim Order allowing Petitioner to submit same.

Motion for Sanctions

On April 9, 2025, Petitioner filed the instant motion, pursuant to SCPA 102, 2103, and CPLR 3126, seeking to sanction Respondents for noncompliance with the court's Discovery Order (Motion for Sanctions).

Petitioner contends that, not only was Respondents' initial document production just shy of two weeks after the court-imposed deadline of September 3, 2024, but also that it was woefully incomplete. For example, she argues that Respondents did not initially include any documentation regarding the Artwork. Instead, documents concerning the appraisal and consignment arrangements for the Artwork were produced by Marisa Cardinale, an individual identified by Pevner as having knowledge of same, for her December 2024 deposition. Petitioner alleges these

5

documents could have and should have been produced earlier by Pevner. She further alleges that Respondents did not directly produce any discovery regarding the Artwork until February 2025 and that even then, it was limited.

Petitioner also argues that Respondents' initial production did not include any documentation regarding the Lease. She states that Richard Harper and Stephen Casko, individuals who were both identified by Pevner as having knowledge about Unit 8, testified at their respective December 2024 depositions about never-produced documents relevant to Unit 8's ownership. Petitioner claims that no disclosure regarding any consideration paid by Respondents for their use of Unit 8 or payments made by them under the Lease has ever been produced; only an attorney-prepared summary and receipts for incomplete payments. She highlights that Pevner has failed to submit an affidavit indicating, in accordance with his representation to the court, that no documents exist in his possession regarding the Lease.

Petitioner further argues that, despite Respondents' initial production including only select documents relating to Saint at Large, Inc., that Pevner produced voluminous records, for the first time, at the December 2024 deposition of Susan Tomkin, an individual identified by Pevner to have knowledge of said entity. Petitioner alleges that, again, Respondents did not directly produce any discovery regarding Saint at Large, Inc. until February 2025, and that Saint at Large, Inc.'s financial statements remain incomplete. Specifically, Petitioner claims that no financial statements regarding loans made by Saint at Large, Inc. to its affiliate foundation, The Saint Foundation, have ever been produced.

In addition to the foregoing, Petitioner claims Respondents violated the Discovery Order by refusing and thus failing to identify individuals with relevant information, and failing to produce documents and communications specifically from electronic devices and emails that are responsive

6

to Petitioner's requests. As to the inspection of the Artwork, Petitioner states that out of the 47 pieces which comprise the total collection, Respondent has consistently refused to permit the inspection of 15 pieces.

Petitioner describes her attempts to confer with Respondents' prior and current counsel[2] to no avail, arguing that Respondents' actions have deprived her of her ability to prepare the Estate's case and examine witnesses. To this effect, she seeks sanctions in the form of an order striking Respondents Answer or, alternatively, for monetary sanctions, adverse inferences, and preclusion orders prohibiting Respondents from offering evidence in support of their claims to ownership of Unit 8 and the Artwork.

On April 22, 2025, Respondents filed their opposition. Pevner states he provided full and complete discovery as explained to him by his prior counsel. Moreover, he alleges having delivered all the documents he thought relevant to his defense to prior counsel about a year before the Discovery Order's September 3, 2024 deadline, but that by fault of prior counsel alone, those documents were produced to Petitioner after said date.

Pevner further describes Petitioner's claims as exaggerated, and denies any pattern of repeated discovery abuse, much less one which is willful and contumacious. He argues sanctions are not warranted as Petitioner cannot demonstrate any additional cost, delay, or prejudice from his discovery actions as alleged. Regarding any documents referenced in the depositions that he did not produce, Pevner asserts those documents were never requested by Petitioner in any document demand. He maintains that all relevant documents and testimony are now in the record, that discovery should be deemed complete, and that the parties should be directed to trial.

---

[2] Greenfield, Stein, & Senior, LLP, by Angelo M. Grasso, Esq., was counsel for Stephen Pevner, individually and on behalf of Saint at Large, Inc., until December 9, 2024, after which time Jeffrey A. Barr, Esq. was substituted in as attorney of record.

7

<u>Discussion</u>

Pursuant to CPLR 3126, when a party fails to comply with a court order for disclosure, the court may impose sanctions provided the noncompliance is found to be "willful, deliberate, and contumacious" (*Aha Sales, Inc. v Creative Bath Prods., Inc.*, 110 AD3d 1019, 1019 [2d Dept 2013]). A court can infer a party is acting willfully and contumaciously from their repeated failures to respond without providing any reasonable excuse (*see Halyard v Magellan Aerospace N.Y., Inc.*, 221 AD3d 592 [2d Dept 2023]). Sanctions can include an order that the issues to which the undisclosed information is relevant shall be deemed resolved in favor of the party obtaining the order, an order precluding the noncompliant party from introducing evidence in support or opposition of designated claims or defenses, or an order striking a noncompliant party's pleading (CPLR 3126 [1], [2], [3]).

As to striking Respondents' Answer, which Petitioner argues is the most appropriate sanction, the court finds that under the circumstances presented this penalty would be too severe at this time (*see Elizabeth Canal, LLC. v Structure Tone Global Servs., Inc.*, 236 AD3d 582, 583 [1st Dept 2025]; *Colucci v Jennifer Convertibles, Inc.*, 283 AD2d 224, 225 [1st Dept 2001]; *Hanson v. City of New York*, 227 AD2d 217, 217 [1st Dept 1998]). To be clear, Petitioner's claims of discovery noncompliance could be deemed sanctionable. However, Petitioner has not yet conclusively established that such noncompliance was necessarily willful or contumacious (*Colucci* at 225; *Hanson* at 217). For example, by Petitioner's own admission, Respondents have permitted inspection of the majority of the pieces comprising the Artwork, they did produce certain documentary disclosure, they did identify certain individuals with relevant knowledge, and their initial delay was less than two weeks past the imposed deadline. These actions do not amount to

8

the "extreme conduct" required to warrant such a drastic penalty (*Dauria v. New York*, 127 AD2d 459, 460 [1st Dept 1987]).

Petitioner cites *In re Est. of Corbin* (NYLJ, Jun. 17, 2024 at 15, col 1 [Sur Ct, NY County 2024]), where this court imposed various sanctions including dismissing a party's objections. However, *Corbin* is distinguishable from the instant matter as the objectants in *Corbin* had failed to produce any discovery whatsoever during a 12-year period. (*See also, Sony Corp. of Am. v Savemart, Inc.*, 59 AD2d 676, 677 [1st Dept 1977] where defendants were so obstructive that plaintiff was impelled to proceed with six successive motions over a period of about a year and a half in an attempt to obtain discovery.) Moreover, even where the proffered excuses are less than compelling, as they are here, there is a strong preference in our law that matters be decided on their merits (*Elizabeth Canal, LLC.* at 583; *Catarine v Beth Israel Med. Ctr.*, 290 AD2d 213, 215 [1st Dept 2002]; *Elemery Corp. v 773 Assoc.*, 168 AD2d 246, 247 [1st Dept 1990]).

As to Respondents' requested alternative relief for sanctions in the form of preclusion orders, adverse inferences, and monetary sanctions, the court likewise finds that imposing same would be premature. Much like the striking of a pleading, preclusion is a drastic remedy warranted only where a party's failure to comply with a discovery order is willful, deliberate, and contumacious (*163 Chrystie Realty LLC v DRK Chrystie LLC*, 2020 N.Y. Misc. LEXIS 505, 2020 NY Slip Op 30328(U) [Sup Ct, NY County 2020]; *Holliday v Jones*, 36 AD3d 557, 557-558 [1st Dept 2007]). The court considers that here, a decision regarding the admissibility of evidence would be more properly made at trial, when its relevance, or lack thereof, may be determined in context (*Speed v Avis Rent-A-Car*, 172 AD2d 267, 268 [1st Dept 1991]; *Carroll v Nunez*, 137 AD2d 911 [3d Dept 1988]).

Furthermore, a party seeking an adverse inference charge based on an opposing party's failure to produce a document "must make a prima facie showing that the document in question actually exists, that it is under the opponent's control, and that there is no reasonable explanation for failing to produce it" (*McGirr v Zurbrick*, 217 AD3d 1462, 1463 [4th Dept 2023]; *Hutchinson v New York City Health & Hosps. Corp.*, 172 AD3d 1035, 1036-1037, [2d Dept 2019]). This court does not find that Petitioner has made such a prima facie showing in her motion, and again considers that directing an adverse inference charge should be made at the time of trial, when the relevance of such charge may be made in context (*Grant v Richard*, 222 AD2d 1014 [4th Dept 1995]; *Speed*, 172 AD2d 267; *Benavides v J.J.R. Hort Servs., Inc.*, 2014 Slip Op 30023[U],*3-4 [Sup Ct, Suffolk County 2014]).

Lastly, any award for costs is discretionary with the court and designed to deter frivolous conduct in civil litigation (SCPA 2301[2]; 22 NYCRR 130-1.1 [a]; *see Matter of Carvel*, 168 Misc2d 442 [Sur Ct, Westchester County 1996]). Conduct is deemed frivolous for the purposes of a motion for sanctions if it is completely meritless, undertaken primarily to delay resolution of the litigation or to harass another, or if it asserts false material statements of fact (22 NYCRR 130-1.1[c][2], [c][3]). Again, while Petitioner has laid out an argument that Respondents' have displayed sanctionable behavior, the imposition of sanctions against them would be premature absent a hearing on the issue (*see Marcus v Bamberger*, 180 AD2d 533 [1st Dept 1992]; *Giblin v Anesthesiology Assocs.*, 171 AD2d 839 [2nd Dept 1991]).

In accordance with the foregoing, the court will hold a trial in this matter at which time it will determine whether, and to what degree, Respondents' conduct warrants the imposition of sanctions.

Accordingly, it is hereby

ORDERED that Petitioner's motion for sanctions is denied without prejudice to renewal at the time of trial, and it is further

ORDERED that counsel for the parties appear in person for a pre-trial conference on October 16, 2025, at 2:30p.m.

The Clerk of the Court shall e-mail a copy of this decision, which constitutes the order of the court, to the counselors named below.

Dated: September 12, 2025

_____

SURROGATE

To:

Laurie S. Ruckel, Esq.
Christian D. Carbone, Esq.
Loeb & Loeb, LLP
lruckel@loeb.com
ccarbone@loeb.com
*Attorneys for Petitioner*

Jeffrey A. Barr, Esq.
Law Offices of Jeffrey A. Barr
jeffreyabarr@gmail.com
*Attorneys for Respondents*

11

[* 11]